KOSTER v. PAIN.

(Supreme Court, Appellate Division, Second Department. June 20, 1899.)

1. APPEAL — QUESTIONS REVIEWABLE — DECISION OF COURT — STATING FACTS SEPARATELY.
   Where a decision does not state separately the facts found, as required by Code Civ. Proc. § 1022, on appeal from the judgment all questions of law and fact are presented for review.

2. CORPORATIONS—DIRECTORS—GOOD FAITH—CONTRACTS—VALIDITY.
   An agreement, by the owner of a business turned over to a corporation, to give a certain amount of the stock to be issued to him in consideration of the business to a director who votes for the issuance of the stock, is invalid, though made prior to the formation of the corporation.

3. SAME—SUBSCRIBERS.
   An agreement, by the owner of a business which is to be turned over to a corporation to be formed, to give a part of the stock to be issued to him to another, who agrees to subscribe for a certain amount of stock, is invalid.

Appeal from special term.

Action by Charles H. Koster against Henry J. Pain. From a judgment entered on a decision of the court for defendant, plaintiff appeals. Affirmed.

58 N.Y.S.—55

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry A. Powell, for appellant.
William J. Kelly, for respondent.

CULLEN, J. This action was brought for the specific performance of a contract to transfer to the plaintiff 25 shares of the stock of the Pain Fireworks Company. The learned judge at special term held that the plaintiff had not made out a case for equitable relief, nor shown that he could not obtain sufficient redress at law, and directed that the complaint be dismissed. Judgment was entered on this decision, and from that judgment this appeal is taken. As the decision did not state separately the facts found, all the questions of law and fact are presented to us for review, and we may direct such judgment as the facts warrant. Section 1022, Code Civ. Proc. Without passing on the grounds on which the determination of the special term proceeded, we are of opinion that the contract proved by the plaintiff was immoral, illegal, and void. The defendant was engaged in the manufacture of fireworks. It was proposed to turn this business over to a corporation to be formed by the defendant and outside persons who should contribute capital. A meeting of the various parties was called for this purpose. The stock of the corporation was to be $200,000, and the defendant demanded $100,000 of the stock in consideration of the plant and good will of his business. The plaintiff testifies that he regarded this demand as exorbitant, and thereupon called the defendant to one side, and required of him, as a condition of the plaintiff's subscription of $5,000 to the capital stock, to give to the plaintiff an additional $5,000 from the stock that might be issued to the defendant on the transfer of the business. This is the agreement sought to be enforced. It was an agreement kept secret from the other subscribers. A corporation was thereupon effected, the plaintiff subscribing $5,000 to the stock, the defendant $2,000, and three other parties $1,500. Other subscribers were subsequently obtained, which increased the moneyed subscription to the stock to $35,000 in addition to the $100,000 issued to the defendant for his business. The plaintiff was elected one of the directors of the corporation, and thereupon voted for the agreement with the defendant by which $100,000 of the stock was to be given to the latter for the business. Twenty-five shares of the stock were subsequently transferred by the defendant to the plaintiff, and the action is brought to enforce the transfer of the remaining 25.

The relation between a director and the corporation he represents is that of trustee and cestui que trust. Butts v. Wood, 37 N. Y. 317; Bliss v. Matteson, 45 N. Y. 22; Brinckerhoff v. Bostwick, 88 N. Y. 52. As in the case of every other trustee or agent, no director can, in acting on behalf of the corporation, reserve or secure to himself any advantage or benefit. The law will not tolerate a contract the tendency of which is to bias the conduct of an agent in his duty to his principal; and, if the agent or trustee does obtain

any consideration for his action, what he has thus obtained belongs, not to him, but to his principal. "They [the directors] were thereby precluded from deriving any advantage from contracts made by their authority as directors, except through the company for which they acted. Their position was one of great trust, and to engage in any matter for their personal advantage inconsistent with it was to violate their duty, and to commit a fraud upon the company." Wardell v. Railroad Co., 103 U. S. 651. See, also, Mor. Priv. Corp. § 317. It is urged that the plaintiff was not a director at the time he made the agreement with the defendant, but this will not relieve the agreement from the condemnation of the law. The purchase by the corporation from the defendant was not made until after the plaintiff had become a director, and then by the instrumentality of his vote. His agreement with the defendant was plainly conditional on the corporation issuing the stock to the defendant, because it was only from stock so issued that the defendant was to transfer any to him. But, even apart from the subsequent action of the plaintiff as director, the agreement cannot be upheld. By his subscription to the stock, the plaintiff entered into a joint undertaking with the other persons who then or thereafter became subscribers. In Bliss v. Matteson, supra, it is said that after the formation of the company the presumption is that the stock would be distributed among other persons to a greater or less extent. In Getty v. Devlin, 54 N. Y. 403, it was held that, where several persons are engaged in a joint enterprise for their mutual benefit, each has a right to demand and expect from his associates good faith in all that relates to their common interests, and no one of them will be permitted to take to himself a secret and separate advantage to the prejudice of the others; and this rule applies to purchases and negotiations made in contemplation of the subsequent formation of a corporation. Brewster v. Hatch, 122 N. Y. 349, 25 N. E. 505. See, also, Armstrong v. Danahy, 75 Hun, 405, 27 N. Y. Supp. 60. For these reasons the plaintiff was not entitled to have his agreement with the defendant enforced.

The judgment appealed from should be affirmed, with costs. All concur.