HELENA SOMMER, Appellant, *v.* FREDERICK W. SOMMER and
JOSEPHINE VOGEL, Respondents.

*Contract between husband and wife — settlement of an action for separation — it is*
*a good consideration for an agreement by the husband that if he commits a breach*
*thereof the wife's dower right shall at once accrue to her — what is a defense thereto*
*by the husband — a judgment, after a trial at Special Term, can only be entered on*
*a decision.*

During the pendency of an action for a separation instituted by a wife against
her husband, the parties entered into a written contract, by which the husband,
in consideration of the withdrawal of the suit, agreed to resume marital rela-
tions with his wife and that, whenever he ceased to live with her or to support
her, she should immediately become vested with her dower interest in a piece
of property of which the husband owned a half and that she should be entitled
to collect one-third of the amount of the rent due to the husband for his half
interest in said premises during her natural life.

*Held,* that the contract was based upon a good consideration and was not against
public policy or in contravention of the Domestic Relations Law;

That if the wife failed to perform faithfully the marital obligations devolved
upon her, such failure would constitute a perfect defense to any action brought
by her to enforce the contract;

That, in the event of a breach of the contract by the husband without fault on
the part of the wife, the latter would be entitled to one-third of one-half the
income of the real property mentioned in the contract from the date of the
breach down to the time of her death.

A judgment rendered after a trial at Special Term cannot be sustained on appeal
unless it is supported by a decision. If no decision has been made, the appel-
late court will remit the case to the trial court in order that the omission may
be supplied.

APPEAL by the plaintiff, Helena Sommer, from two separate judg-
ments of the Supreme Court in favor of the defendants, Frederick
W. Sommer and Josephine Vogel, respectively, entered in the office
of the clerk of the county of New York on the 16th day of July,
1902, after a trial at the New York Special Term, dismissing the
complaint upon the merits.

After filing the return on this appeal the plaintiff died, and an
order was thereupon duly entered reviving the appeal herein in
favor of Elizabeth Monday, as executrix of the last will and testament
of said deceased, and substituting her as appellant herein.

The action is brought to enforce the following agreement:

" *Whereas*, differences have lately existed between the said Frederick W. Sommer and the said Helena Sommer, his wife, which resulted in an action for separation instituted by the said party of the second part against the party of the first part, and, whereas, the said parties have settled their differences and have become reconciled, and said Frederick W. Sommer has promised and agreed, in consideration of the withdrawal of said suit for separation by his wife Helena Sommer, to resume with her their former relations as husband and wife, and in case of his failure to keep his said promise and agreement, that in such event he would convey to her certain rights in and to any real property owned by him as hereinafter more specifically provided, now this indenture :

" *Witnesseth*, that the said Frederick W. Sommer in pursuance of the aforesaid proposal and agreement, doth hereby for himself, his executors, administrators and assigns, covenant, promise and agree with the said Helena Sommer, his wife, that whenever he ceases to live with her or to support her, the said party of the second part should immediately become vested with her dower rights and interest in and to any real property he may then possess, more especially her dower interest in and to the property known and designated as 8 Second Avenue, in the City of New York, and (of) which the said party of the first part is one-half owner by virtue of a deed of conveyance made and executed by Josephine Vogel, his sister, on or about the —— day of ————, 1900, and that the said Helena Sommer should then be entitled to collect one-third of the amount of rent due to said Frederick W. Sommer, for his half interest in said premises during her natural life."

*Charles Goldzier*, for the appellant.

*Frederick W. Sommer*, respondent, in person.

HATCH, J. :

At the time of making the contract the wife had brought an action for separation, and the defendant Sommer prior thereto had brought an action for an absolute divorce, and upon a trial had was defeated. The action for separation remained pending. In that action the plaintiff might have procured from the court an award of alimony and counsel fee and, in the event that she was successful, pro-

cured a permanent award of alimony. It was, therefore, to the substantial benefit of the defendant to procure a discontinuance of that action, as by so doing he would relieve himself from contingent liability in this respect. This condition furnished a good consideration for the agreement. (*Adams* v. *Adams*, 91 N. Y. 381.) The contract provided for the resumption of the marital relation, and instead of being against public policy, was in harmony with it. The continuance of the marital relation is always regarded in the law as a relation to be promoted and maintained. It frowns upon agreements for its destruction and smiles upon agreements which restore its relation when interrupted. (*Train* v. *Davidson*, 20 App. Div. 577.) This agreement is not in contravention of the Domestic Relations Law (Laws of 1896, chap. 272). By section 21 a married woman is made free to contract as if she were unmarried, the only limitation being that she may not contract to alter or dissolve the marriage or relieve the husband from his liability to support her. By virtue of the contract the relation was restored and the defendant was only required to discharge his marital obligation to relieve himself from charge under the contract. The obligation, however, rested upon the plaintiff to perform faithfully the marital obligations which devolved upon her, and if she failed in these respects it constituted a perfect defense to any action to enforce the contract, for thereby she would be enabled to take advantage of her own wrong. The defendant Sommer avers in his answer that the plaintiff violated her marital obligations in several particulars, and he gave evidence in support of such averments. Thereunder the court would have been authorized to find that the plaintiff was guilty of a breach of her marital obligation and, in consequence, not authorized to enforce the contract. Assuming that the defendant was guilty of a breach whereby the plaintiff was authorized to enforce her rights under the contract, the question arises as to what such rights are. By its provisions she becomes entitled upon a breach to be immediately vested with her dower rights and interests in any real property the defendant may possess, and especially in a designated piece of property. The interest which she obtains, therefore, is represented by one-third, and the provision of the contract is that she shall be entitled to collect " one-third of the amount of rent due to said Frederick W. Sommer, for his half

interest in said premises during her natural life." It is evident, therefore, that this contract did not give the plaintiff any title to the land. It stipulated for a third of the income of the property during her natural life. The purpose is plain. She was to have and receive one-third of one-half of the income which the property produced; this to continue during her life. Consequently when she died, all her right and interest therein ceased. The result of this conclusion is that if the plaintiff be entitled to recover, her right of recovery is measured by the income of one-third of one-half from the date of the breach of the contract down to the date of her death. This, of course, is based upon the assumption that her proof is sufficient for the court to find that she is entitled to recover. If she violated her marital obligation, she takes nothing by virtue of the contract. The difficulty with the case is that as to the plaintiff's rights as against the defendant Sommer, there has been no decision by the court below. A judgment has been entered in favor of the defendant Sommer, but such judgment has no decision for its support, so far as is disclosed by the present record. The result of this omission is to leave no authority for the judgment. (*Reynolds* v. *Ætna Life Ins. Co.*, 6 App. Div. 254; *Shaffer* v. *Martin*, 20 id. 304.) This can be corrected by remitting the case to the trial court for decision, and when decided judgment may be entered in conformity therewith. The attention of this court has been called since the argument of this case to the existence of what is claimed to be a decision by the court below. It is sufficient to say in answer thereto that the court can only decide the questions presented by a record properly certified by the court below and by the clerk of the court. Upon the record now before us and upon the certification of the case by the court, and of the judgment roll by the clerk, no decision has been made; consequently, we have no alternative but to return the case and record to the court below for its decision.

So far as the defendant Vogel is concerned a decision has been made by the court in her favor. The proof given upon the trial was sufficient to warrant the decision which was made and the judgment which was entered. She makes no claim which is in the slightest degree antagonistic to the plaintiff's rights in the premises, if she have any. She is a tenant in common with the defendant Sommer, and as such receives her proportion of the rents and income

of the property.   The plaintiff has no interest whatever in the sums she receives.   As to her the judgment is clearly right and should be affirmed, with costs.   As to the defendant Sommer the judgment should be set aside and the case remitted to the court for its decision, without costs of this appeal to either party.

VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ., concurred; LAUGHLIN, J., concurred in result.

LAUGHLIN, J. (concurring):

I concur in result, but am of opinion that the agreement is not enforcible.   The abandonment of her action constituted a good consideration for any *unconditional* agreement for the payment of money that the wife saw fit to exact.   I regard the agreement in advance for the settlement of any future difference that might arise between husband and wife after resuming marital relations as against public policy, in that it was calculated to produce discord for the purpose of enabling the wife to secure the property rights thus agreed to be given, and was, therefore, a constant menace to domestic peace.

Judgment as to defendant Vogel affirmed, with costs.   As to defendant Sommer judgment set aside and case remitted to court below for its decision, without costs of this appeal to either party.