## WEEKS v. VAN NESS.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

1. ABUSE OF PROCESS—ACTION FOR DAMAGES—EVIDENCE—SUFFICIENCY.
   In an action for abuse of legal process, evidence *held* insufficient to warrant a recovery.

2. NONSUIT—FAILURE OF PROOF—JUDGMENT ON MERITS.
   Where a decision is, in effect, a nonsuit only, for failure of proof, a judgment on the merits is improper.
   [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 359.]

Appeal from Orange County Court.

Action by Count W. Weeks against Alice Wood Van Ness. From a judgment dismissing his complaint, plaintiff appeals.   Modified and affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

John W. Lyon (Joseph Rosch, Jr., on the brief), for appellant.
Wm. A. Parshall, for respondent.

HIRSCHBERG, P. J.   This action purports to be for damages resulting from the abuse of legal process, but I can find no support for it in either reason or authority, under the circumstances disclosed by the proof.   The legal process which the plaintiff complains that the defendant abused was a precept issued by the special county judge of Orange county on July 6, 1901, upon the defendant's petition in summary proceedings verified the same day, which precept required the plaintiff, as the defendant's tenant, to show cause in the usual form on the 10th day of July following why possession of certain real estate in that county should not be delivered to the defendant for nonpayment of the rent.   On the return day the plaintiff answered, pleading payment, whereupon the proceedings were immediately withdrawn and discontinued.   The gist of the plaintiff's claim is contained in the fact that he had sent the rent by express, and that it was received and accepted the day before the defendant's petition was presented and the precept issued. The facts show, however, that the learned county judge was entirely correct in dismissing the complaint at the close of the plaintiff's case upon the ground, as stated by him, that there was no evidence that at the time the defendant instituted the summary

93 N.Y.S.—22

proceedings she knew, or had reason to believe, that the rent had in fact been paid.

It appears that the premises in question were rented by the plaintiff from the defendant's husband, then the owner of them, on the 1st of March, 1901, for the period of a year, at an annual rental of $600, payable in equal quarterly installments, commencing July 1, 1901. The premises are in the town of Cornwall, Orange county, while the residence of the defendant and her husband is in the village of Port Jervis, in that county. Before the first installment of rent came due, the real estate had been transferred to the defendant by her husband. Meanwhile the plaintiff and the defendant's husband had gotten into some dispute or misunderstanding in reference to pending contracts, and the plaintiff resolved that he would not pay the rent when it came due. On the 2d day of July, 1901, the defendant sent a messenger to the plaintiff, by whom he was informed of the transfer of the farm, and by whom he was served with a written notice, signed by the defendant as landlord, demanding payment to her of the rent within three days. On the 4th day of July the plaintiff wrote and mailed a letter to the defendant's husband, saying, "Your indebtedness to me leaves nothing due you;" but, notwithstanding this repudiation of indebtedness, he did on the following day obtain a telegraphic order from Wells, Fargo & Co.'s Express at the city of New York for $150, payable to the defendant's husband, and on that day—July 5th— the sum of $150 was paid by the local agent of Wells, Fargo & Co. at Port Jervis to the defendant's husband, and his personal receipt taken for it. At the time of the payment of this money to the defendant's husband the Port Jervis agent of Wells, Fargo & Co. who delivered it to him had no knowledge of the name or identity of the person by whom it had been forwarded. All that he knew, and all that the defendant knew, was that some one in New York had sent $150 to her husband. The money had not been sent to her, and was not delivered to or received by her. The purpose of the remittance was not disclosed. It may be inferred, of course, that she fully believed that the money did come from the plaintiff, and that it was intended by him to be applied in discharge of the rent; and it may be further inferred that, in order to verify that belief, she instituted the summary proceedings which form the basis of the plaintiff's grievance. No other deduction more favorable to the plaintiff's contention is fairly admissible. If this be so, she acted within her legal rights, and her conduct is free from the charge, or even the suspicion, of willfulness or malice, especially in view of the fact that she instantly discontinued the proceedings upon being apprised of the plaintiff's plea of payment, that he was, indeed, the anonymous forwarder of the money, and designed it to be applied in discharge of the rent. But her act in accepting the remittance as an extinguishment of the claim for rent was purely voluntary, and can in no manner be urged against her as evidence that her institution of the summary proceedings was in any sense an abuse of process.

It is perhaps needless to add that none of the many cases cited by the learned counsel for the appellant justifies the maintenance of

this action. Dishaw v. Wadleigh, 15 App. Div. 205, 44 N. Y. Supp. 207, and Foy v. Barry, 87 App. Div. 291, 84 N. Y. Supp. 335, on which special stress is laid, relate to circumstances very different in character from those herein disclosed. In the first case, a subpœna was used in the hope of extorting payment from the victim as the alternative of the discomfort and expense incident to attendance at court at a great distance from his residence. In the second case, a warrant of arrest was used to coerce the withdrawal of a claim then in litigation. In each case, as in all others to which attention has been directed, the process of the court had been abused by its willful misuse to the injury of the plaintiff. Here the use of the process was clearly legitimate, and such use resulted in the plaintiff's receiving an actual benefit by giving him a credit to which he was not strictly entitled in law, and by clearing up a very natural doubt in connection with it which had been created solely by the obscurity and indirection of the methods employed by him in discharging his undoubted obligation. The judgment entered, however, is expressly stated to be upon the merits. The decision was, in effect, a nonsuit only, for failure of proof, and a judgment upon the merits was improper. Colyer v. Guilfoyle, 47 App. Div. 302, 62 N. Y. Supp. 21; Peggo v. Dinan, 72 App. Div. 434, 76 N. Y. Supp. 565; Hackett v. Masterson, 88 App. Div. 73, 84 N. Y. Supp. 751.

The judgment should be modified by striking therefrom the words "on the merits," and, as modified, affirmed, without costs of this appeal to either party. All concur except HOOKER, J., not voting.