WISE et al. v. COHEN et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. TRIAL—TRIAL BY COURT—DECISION—NECESSITY.

Code Civ. Proc. § 1021, provides that the decision of the court or report of a referee on the trial of a demurrer or of issues of fact or of law, where a nonsuit is granted, must direct the final or interlocutory judgment to be entered thereon, and that in such case it shall not be necessary for the court or referee to make any finding of fact. Section 1022 provides that the decision of the court, etc., on the trial of the whole issues of fact, must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, etc. *Held* that where, in an equitable action to enforce an attorney's lien on a cause of action settled between the parties without his consent, the complaint was dismissed for failure of proof of the solvency or insolvency of plaintiffs' client, defendants were entitled to have the trial court sign and file a decision, as no judgment could be entered until then.

2. COSTS—APPEAL—RECORD—UNNECESSARY MATTER.

On appeal in such case from an order denying defendants' motion to have such decision signed and filed, the printing of all the evidence taken before the trial judge, including all exhibits on which he heard the case, was unnecessary, and respondents were not liable for the costs of printing the same.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 968–971.]

Laughlin, J., dissenting as to costs.

Appeal from Special Term, New York County.

Action by John S. Wise and another against Pauline Cohen and another. From an order denying defendants' motions to set aside what purports to be a judgment dismissing the complaint, and to remit the case to the Special Term for decision, they appeal. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Edward W. S. Johnston, for appellants.

Evan Shelby, for respondents.

INGRAHAM, J. This action is in equity to enforce an attorney's lien upon a cause of action which has been settled between the parties without his consent. The case was tried at Special Term. At the opening of the case the defendant's counsel moved to dismiss the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The court announced that it reserved its decision upon this motion, whereupon witnesses were called for the plaintiff, and were examined and cross-examined. The plaintiff then rested, and the defendant then renewed his motion to dismiss the complaint on various grounds, and the decision of this motion was also

reserved, whereupon the defendant called his witnesses, and their testimony was taken and the defendant rested. Counsel for the defendant then renewed his motion to dismiss the complaint on the various grounds stated. The court again reserved its decision, but gave counsel an opportunity to submit briefs. These briefs having been submitted, the court filed an opinion overruling some of the objections made by the defendant, but held that, as there was no proof of the solvency or insolvency of the client, that the attorneys must look to her for their compensation, and defendants were entitled to a judgment on the ground that no proof was presented as to the responsibility of the plaintiff's client to respond in an action at law. Whereupon the defendants presented to the court what they called a decision, which consisted of 26 pages of printed record and a proposed judgment. The court refused to sign this decision or judgment, but subsequently signed what purported to be a judgment, which recited that the action came on for trial at a Special Term of the Supreme Court, and the defendants having moved at the close of the evidence for a dismissal of the complaint, on the ground that the complaint failed to establish a cause of action, and due deliberation having been had thereon, it was ordered, adjudged, and decreed that the complaint be dismissed without prejudice for failure of proof, with directions as to the costs of the action. This judgment having been signed, counsel for the defendant made a motion at Special Term that the case be sent back to the trial justice to sign and file a decision and judgment in the trial of the action. This motion seems to have been referred to the trial justice, who denied it, and from that order the defendant appeals.

I think the defendants are entitled to have the trial court sign and file a decision in the action. The action was in equity, and asked for specific equitable relief. By section 1008 of the Code of Civil Procedure it is provided that in an action triable by a jury, if the parties waive the trial by jury of the issue of fact, the action must be tried by the court without a jury, unless a reference is directed in a case prescribed by law. Section 1010 provides that, upon a trial by the court of an issue of fact or of law, its decision in writing must be filed in the clerk's office within 20 days after the final adjournment of the term where the issue was tried. Section 1021 provides that the decision of the court or the report of a referee upon the trial of a demurrer, or upon the trial of issues of fact or of law, where a nonsuit is granted, must direct the final or interlocutory judgment to be entered thereupon, and in such a case it shall not be necessary for the court or referee to make any finding of fact. Section 1022 provides that the decision of the court or the report of a referee upon the trial of the whole issues of fact must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, which decision, so filed, shall form part of the judgment roll. Judgments are regulated by chapter 11 of the Code. Section 1236 provides that every interlocutory judgment or final judgment shall be signed by the clerk and filed in his office, and such signing and filing shall constitute the entry of the judgment. These provisions have been in force many

years, and are entirely consistent and easily understood. Upon the final judgment in an action tried by a court without a jury or by a referee the decision of the court is the basis of the judgment to be entered. That decision must be in writing, and signed by the judge and filed with the clerk, and must direct the final or interlocutory judgment to be entered thereon. The judgment entered thereon must be signed by the clerk and filed in his office,.and such signing and filing is an entry of judgment. Where the issue is one of law, or where a nonsuit is granted, the facts need not be found separately, but there must be a decision which must direct the final or interlocutory judgment to be entered thereon. The provisions in relation to nonsuit can, strictly speaking, apply only to actions at law. Where, in an action in equity for lack of proof or want of equity, the complaint is dismissed, it may be upon the merits, or it may be because the plaintiff has failed to prove a particular fact which is fatal to his right to a judgment, and a final judgment dismissing the complaint does not prevent a new action unless it expressly declares or it appears by the judgment roll that-it is rendered upon the merits. Code, § 1209.

The cases cited by respondents are all actions at law.

In Weeks v. Van Ness, 104 App. Div. 7, 93 N. Y. Supp. 337, the action was for damages resulting from the abuse of legal process, and therefore an action at law.

Martin v. Cook (Sup.) 14 N. Y. Supp. 329, was an action to recover damages for injuries sustained by the plaintiff in the employ of the defendant. Ware v. Dos Passos, 162 N. Y. 281, 56 N. E. 742, was an action at law to recover a broker's commissions in securing a purchaser of the defendant's real estate. The action was tried before a court without a jury, upon the stipulation that the evidence should be the same as that taken on a former trial, and read from the printed case on appeal. Following the stipulation there was a motion by the defendant's counsel to dismiss the complaint, on the ground that the plaintiff had failed to make out a cause of action. The motion was granted, and an exception taken by the plaintiff. The plaintiff appealed from that decision, and the court in reversing the judgment said:

"There is no verdict of a jury, report of a referee, or decision of a court upon which a judgment could be entered. A decision of a court upon the trial of an issue of fact or of law must be in writing, signed by the trial judge, and must state separately the facts found and the conclusions of law. * * * The decision must be filed with the clerk, and made a part of the judgment roll."

The court then treated the judgment as entered upon a nonsuit, and reversed the judgment.

Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158, was also an action at law for damages on a breach of warranty for the sale and delivery of personal property. In the discussion of the question there presented the court said:

"A nonsuit is the name of a judgment given against the plaintiff when he is unable to prove a case, or when he refuses or neglects to proceed to the trial of the cause after it has been put at issue without determining such issue. A voluntary nonsuit is ·an abandonment of his cause by the plaintiff, who allows a judgment for costs to be entered against him by absenting himself, or failing to answer when called upon to hear the ver-

dict. An involuntary nonsuit takes place when the plaintiff, on being called when his case is before the court for trial, neglects to appear, or when he has given no evidence on which a jury could find a verdict. * * * The record shows very clearly that no such judgment was entered in this case. * * * It appears that the plaintiff gave all the testimony that she had. * * * The defendant's counsel then moved to dismiss the complaint, on the ground that the plaintiff failed to establish any cause of action, that the theory of the complaint was a claim for damages on account of breach of warranty, and that the plaintiff had failed to establish any such breach by the proof given. The motion was granted, and the plaintiff excepted. Subsequently the trial judge made specific findings of fact and conclusions of law, in which he stated that the defendant refused to give any warranty of the character and quality of the goods such as was alleged in the complaint, and therefore the plaintiff failed to prove the cause of action alleged. He then stated as a conclusion of law that the defendant was entitled to judgment dismissing the complaint upon the merits, and directed judgment accordingly."

And it was held that this was not a judgment of nonsuit, but a trial of the issues, and a decision of the same upon the merits.

It has, however, been universally held that in cases tried by the court without a jury, whether in equity or at law, there must be a decision of the court which must direct the judgment to be entered. Sommer v. Sommer, 87 App. Div. 434, 84 N. Y. Supp. 444; Lentschner v. Lentschner, 80 App. Div. 43, 80 N. Y. Supp. 146; Gein v. Little, 86 App. Div. 503, 83 N. Y. Supp. 685; Lederer v. Lederer, 108 App. Div. 228, 95 N. Y. Supp. 623. Such a decision is the only basis for a judgment. With the form of the decision or the judgment to be entered thereon we have nothing to do upon this appeal. All that is necessary for us now to determine is that no judgment can be entered until a decision is filed, and for that reason the trial judge should have made and filed a decision, as provided for by sections 1021 and 1022 of the Code of Civil Procedure. The record on this appeal to present this question consists of 267 printed pages, and the appellant's brief consists of 52 printed pages. There was no justification in presenting this question, which is merely one of practice, as to requiring the papers on appeal to contain all of the evidence taken before the trial judge, including all of the exhibits on which he heard the case. A mere statement of the facts by affidavit would have been sufficient, and the respondent should not be compelled to pay the cost of printing this absolutely unnecessary record.

The order appealed from should be reversed, with $10 costs and disbursments for printing the points on appeal, and the case remitted to the Special Term, to be decided according to law. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. I dissent in so far as costs and disbursements are not allowed to the appellant.