WALTER S. LYON and Others, as Executors, etc., of ADDISON J. LYON, Deceased, Respondents, *v.* WATER COMMISSIONERS OF THE CITY OF BINGHAMTON and Others, Appellants.

Third Department, November 21, 1928.

*James T. Rogers* [*Frederick Collin* of counsel], for the appellants.

*Mangan & Mangan* [*Frank J. Mangan* of counsel], for the respondents.

PER CURIAM. The paper writing, in the general form of an opinion, closes with the words " judgment may be prepared accordingly, with costs of the action to the plaintiffs," and is signed by the trial justice. The words " may be prepared " were intended to, and may be well understood to, mean " may be entered." In these papers are statements of fact and conclusions of law, but these are not separately stated. Still, in view of the closing words, this was intended to be more than an opinion. The paper writing in the form of plaintiffs' requests to find contains findings of fact and conclusions of law separately stated and numbered, and in the conclusions of law is stated the judgment to which plaintiffs are entitled; it has at the end the words " Found and refused as indicated," and is signed by the trial justice. That each statement of fact and conclusion of law is marked found or refused does not destroy the effect of the signature at the end of the findings. To these findings as numbered the defendants filed detailed and specific exceptions. Thereafter the defendants' attorney stipulated that plaintiffs might apply at a named Special Term for judgment " in accordance with the findings of fact and conclusions of law heretofore made; " also " for an additional allowance " and " hereby waived " notice of such application. Application was accordingly made and the trial justice signed the judgment. Never until this motion was made, which was three years after the judgment was entered of record, was the regularity of the proceedings on which the judgment rests questioned; for these three years defendants acquiesced. The stipulation was more than a waiver of notice of application for judgment; it was a stipulation that a sufficient decision and sufficient findings had been made and that the proceedings upon which the judgment was to be entered were regular. The parties plainly so intended, and the stipulation means that the requirements of section 440 of the Civil Practice Act had been substantially complied with. The defendants are in position to prosecute their appeal, but not to question the sufficiency or regularity of the proceedings prior to the entry of judgment; both laches and waiver bar them. An appeal has been taken and, if it be thought that there is not a sufficient decision stating the facts and conclusions of the court, all the questions of law and fact will be presented for review and the

appellate court may direct such judgment as the facts warrant· (*Koster* v. *Pain*, 41 App. Div. 443.) In *People* v. *Adirondack Railway Co.* (160 N. Y. 225, 235) it was said that where the decision did not separately state the facts found and the Appellate Division did not state that the judgment was reversed upon a question of fact, " it must be presumed that all the facts warranted by the evidence and necessary to support the judgment were found by the Special Term." The absence of a decision in due form is not fatal to a judgment. If there was irregularity in the proceedings prior to the entry of judgment, the defendants could waive it and could still have their rights fully protected in the appellate court on an appeal from the judgment. And further there is no uncertainty as to the facts found or the judgment which the court authorized to be entered. The irregularity is in the form, not the substance.

The order should be affirmed, with costs.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur; HASBROUCK, J., dissents, with an opinion.

HASBROUCK, J. (dissenting). This is a motion to set aside a judgment on the ground that there is no decision in the case and accordingly no direction by the court for its entry.

The action is one brought by the plaintiffs to secure an injunction to prevent the defendants from diverting the waters of the Susquehanna from the mill pond and mill of the plaintiffs.

The case was tried before Mr. Justice McCANN. After the close of the testimony requests to find were submitted by both plaintiffs and defendants and passed upon by the court. No decision as distinguished from the requests of the parties to find was made.

The abandonment of the common-law practice in this State and the adoption of a Code of Procedure had in view the simplification and clarification thereof. To perfect the civil practice the Legislature enacted what is known as the Code of Procedure, then the Code of Remedial Justice, then the Code of Civil Procedure and lastly the Civil Practice Act.

The formation of the Codes and of the Civil Practice Act was the act of legislators and not of the courts. (Report of Joint Legislative Committee on Simplification of Civil Practice, 1919, p. 21.)

The provision made in the Civil Practice Act for the rendition of judgments upon a trial before a court without a jury or before a referee was that it should be based on a decision stating separately the facts found and conclusions of law and containing a direction that judgment should be entered thereon. (Civ. Prac. Act, § 440; Id. § 470, as amd. by Laws of 1921, chap. 372.)

This decision is a thing entirely apart from the requests to find which may be submitted by the attorneys of the parties. (Id. § 439; Id. § 471.)

Requests to find must be made before the cause is finally submitted to the court or referee and must be passed on before the decision is rendered.

The language of the Civil Practice Act leaves no doubt as to the practice to be followed in relation to requests to find and the making of a decision stating the facts found and the conclusions of law. It is of advantage to the profession that so far as possible the correct practice should not be left in doubt. The Legislature has not left it in doubt. When, however, the court shall hold that requests to find passed upon by the court or referee constitute the decision required by section 440, the court will have legislated and what is the correct practice will pass out of the realm of certainty into the realm of conjecture.

The profession will take the requests to find as the decision of the court and neglect compliance with section 440.

These formal requirements of the section were placed in the law because of the importance and dignity of the act. (*Smith* v. *Geiger*, 202 N. Y. 306.)

The decision of the court is necessary to make clear to the suitor how the matter is decided. " If facts found may be stated outside of the decision or report, so may conclusions of law; and it is difficult to see why either should be. * * * Inconsistent findings or conclusions seldom occur in decisions or reports deliberately examined and signed, but frequently when stated without the decision or report. A question of fact stated in the decision or report is often found stated [elsewhere] in the case in different language, in a different connection, and capable of a different construction, which creates confusion, tends to prolong the litigation, and renders the final decision uncertain." (*Sisson* v. *Cummings*, 35 Hun, 22, 27; revd., on other grounds, 106 N. Y. 56.)

The reasons why there should be a decision as distinguished from requests to find seem ample and sound.

There is no decision containing a direction of judgment in the case. In *Smith* v. *Geiger* (*supra*) Judge VANN, writing for the Court of Appeals, said: " We find in the record no decision such as this section [Code Civ. Proc. § 1022] requires, but simply an opinion and the requests of both parties with the disposition thereof by the referee as required by section 1023 of the Code [of Civil Procedure]."

The case at bar cannot be of distinguished in this respect from that from which the quotation is taken. Reason, clear practice and precedent all engage in declaring the entry of the judgment herein

to have been without warrant. (*Wise* v. *Cohen, No. 1,* 113 App. Div. 859; *Hall* v. *Beston,* 13 id. 116; *Osborne* v. *Heyward,* 40 id. 78, 79; *Reynolds* v. *Ætna Life Ins. Co.,* 6 id. 254; *Dobbs* v. *Brinkerhoff;* 98 id. 258; *Paine* v. *Aldrich,* 36 N. Y. St. Repr. 999; *Porter* v. *International Bridge Co.,* 200 N. Y. 234, 252.)

If such be the law the respondents yet contend that the judgment is warranted because the defendants have waived the formalities required by the statute. Whatever they waived they did in writing in terms as follows: " It is hereby stipulated * * * plaintiffs may apply * * * on the 27th day of March, 1922, for a judgment * * * in accordance with the findings of fact and conclusions of law heretofore made by Hon. GEORGE McCANN."

To give leave to apply " in accordance with " does not contemplate that the court shall be excused from rendering a decision in the case. Indeed when the plaintiffs applied for judgment in accordance with the requests to find that the court had made, it was their duty to submit a decision to the court or the duty of the court to frame such decision. If it remained a duty performable or to be performed after the stipulation was signed it certainly was not waived by the stipulation. Waiver is claimed too because the corporation counsel " O.K.'ed " the form of plaintiffs' proposed judgment. What did he waive by that? The proposed judgment recited: " and the court having duly made findings of fact and conclusions of law dated the 23rd day of March, 1922 * * * and * * * having waived notice of application for judgment." It is patent that all that was intended by the stipulation was that notice of application for judgment was waived; it is further patent that a decision was not waived because the application for judgment did not include consideration of the defendants' requests to find. (See defendants' requests to find as " found and refused as indicated — March 22, 1922.") Here is an instance of just the confusion which the loose practice followed in this case gives rise to. The judgment is rendered only upon the requests to find of the plaintiffs and excludes the requests of the defendants.

Had the corporation counsel knowledge that the " findings of fact and conclusions of law dated the 23rd day of March, 1922," were not the findings of a proper formal decision? Had a copy been served upon him? Was he misled into " O.K.ing " the proposed judgment by the recital that the court had " duly " made such finding? He may have been. That recital was wide of the truth. He had duly passed upon requests to find but had not *duly* made findings of fact and conclusions of law apart from attorney's requests to find. In other words the corporation counsel did not know that the court had not made its decision. Thus the very foundation of the claim

of waiver is absent. "Knowledge of the existence of the right, benefit, or advantage on the part of the party claimed to have made the waiver is an essential prerequisite to its relinquishment." (40 Cyc. 259.)

Nor is there any room to deny the motion upon the ground of laches. The action had gone to judgment and an appeal was pending from such judgment at the time of the making of this motion. But the claim of laches cannot be established where the party claiming it has sustained no prejudice therefrom.

From what have the respondents suffered because of delay in the making of the motion? Has it hindered them in forcing the appellants to submit their appeal? Since the appellants have failed in no legal duty in respect to their motion the ground of a claim of laches does not appear. (*London & San Francisco Bank* v. *Dexter, Horton & Co.*, 126 Fed. 593, 601.)

There being no decision, the matter might be returned to the trial justice to supply it, but since he is a member of the Appellate Division that may not be done. It is not the function of this court to make original decisions.

The order of the Special Term should be reversed and the motion granted and a new trial ordered, without costs.

Order affirmed, with ten dollars costs and disbursements.