MARY J. ADAMS, Respondent, *v.* ARTEMUS L. ADAMS, Appellant.

Plaintiff having commenced an action against defendant, her husband, for divorce *a vinculo*, and having examined a witness conditionally, who testified to the acts of adultery charged, in consideration of his executing to her father, for her benefit, a note for $1,000, agreed to and did discontinue the action without costs. In an action upon the note, *held*, that it was given for a good consideration and was valid; that the transaction could not be regarded as against public policy.

(Argued December 14, 1882; decided February 9, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 14, 1881, which reversed a judgment in favor of defendant, entered on decision of the court on trial without a jury. (Reported below, 24 Hun, 401.)

This action was brought upon a promissory note dated 29th January, 1866, for $1,000, executed and delivered by the defendant to Job Gardner, and by the latter transferred to the plaintiff.

The note was made under the following circumstances: The parties to this action intermarried in February, 1863, and lived together as husband and wife until April, 1865, when the plaintiff left the defendant and commenced an action against him for divorce on the ground of his adultery. The defendant answered, denying the alleged adultery, and issues were settled to be tried. In October, 1865, a witness, who was examined conditionally before a referee, testified to acts of adultery committed by the defendant as charged in the complaint. On the 29th of January, 1866, that action was discontinued, and the subject-matter thereof settled without costs to either party, both parties and the attorneys for the plaintiff therein signing a stipulation to that effect. On the trial of this action, the court found that the discontinuance was in pursuance of an agreement between the parties, that in consideration of defendant's giving a note for $1,000 for plaintiff's benefit to Gardner,

who was her father, the suit should be so discontinued, and that in pursuance of the agreement the note in suit was given.

*Frederick Lansing* for appellant. The parties had no legal capacity at common law to make the contract of which the note in suit formed a part. (1 Blackst. Com. 442; *Beach* v. *Beach*, 2 Hill, 260; *Marshall* v. *Ruttan*, 8 Term R. 545; 2 B. & C. 291; *Loomis* v. *Buck*, 56 N. Y. 465; *Losee* v. *Ellis*, 13 Hun, 635; *Perkins* v. *Perkins*, 6 Q. B. 531; *Winans* v. *Peebles*, 32 N. Y. 423; *Van Order* v. *Van Order*, 8 Hun, 315.) There is no consideration for the note in suit. (Schouler on Husband and Wife, §§ 110–111; *Marshall* v. *Ruttan*, 8 Term R. 545; 2 B. & C. 291; *Whittaker* v. *Whittaker*, 52 N. Y. 368; *Turney* v. *Turney*, 4 Edw. Ch. 566; *Anonymous*, 5 Robt. 611; *Kelly* v. *Case*, 18 Hun, 472.) A recovery upon it would be against public policy. (*Van Order* v. *Van Order*, 8 Hun, 315; *Copeland* v. *Boaz*, 9 Baxter, 223; *Carson* v. *Murray*, 3 Paige, 483; *Florentine* v. *Wilson*, H. & D. Sup. 303; *Gould* v. *Gould*, 29 How. Pr. 458.)

*Levi H. Brown* for respondent. The note in suit was given for a good consideration and could be enforced by the plaintiff. (*Shepherd* v. *Shepherd*, 7 Johns. Ch. 57; *Hunt* v. *Johnson*, 44 N. Y. 57; *Neufville* v. *Thompson*, 3 Edw. Ch. 92; *Garlick* v. *Garlick*, 3 Paige, 440; *Foster* v. *Foster*, 5 Hun, 557; *Doty* v. *Baker*, 11 id. 222; *Brooks* v. *Weaver*, 3 Alb. L. J. 283; *Rawson* v. *Penn. R. R. Co.*, 48 N. Y. 212, 216; *Kelly* v. *Campbell*, 1 Keyes, 29; *Savage* v. *O'Neil*, 44 N. Y. 298; *Ridout* v. *Lewis*, 1 Atk. 270; *Simmons* v. *McElwain*, 26 Barb. 419; *Lowrey* v. *Smith*, 9 Hun, 514; *Reed* v. *Reed*, 52 N. Y. 651; *Livingston* v. *Livingston*, 2 Johns. Ch. 537; *Gardner* v. *Gardner*, 22 Wend. 526; 10 Ves. 146–149; *Anderson* v. *Anderson*, 1 Edw. Ch. 380; *Calkins* v. *Long*, 22 Barb. 97–100, note, 105–110; *Head* v. *Head*, 3 Atk. 547; *Wallingford* v. *Allen*, 10 Pet. 583–594; *Collins* v. *Collins*, 80 N. Y. 12; 2 R. S. 144, § 39; Code of Pro., § 114; Code of Civil Pro., § 450; *Kirly* v. *Kirly*, 1 Paige, 565; *Rogers* v. *Rogers*,

4 id. 516–518.)　When transferred and delivered by the payee to the plaintiff it became her separate property. (*Armitage* v. *Pulver*, 37 N. Y. 494; Code of Pro., § 275; Code of Civil Pro., § 1207; 54 N. Y. 437–441; Code of Pro., §§ 144, 450; *Adams* v. *Curtis*, 4 Lans. 164; *Minier* v. *Minier*, id. 421; *Perkins* v. *Perkins*, 7 id. 10; *Howland* v. *Howland*, 20 Hun, 472; *Whitney* v. *Whitney*, 49 Barb. 319; *Moore* v. *Moore*, 47 N. Y. 467; *Wright* v. *Wright*, 54 id. 437; *Wood* v. *Wood*, 83 id. 575; 18 Hun, 350.) Inadequacy of consideration alone, in absence of fraud or warranty, constitutes no defense, the burden was on defendant to show an entire want of consideration in order to avail of such defense, and this he failed to do. (*Worth* v. *Case*, 42 N. Y. 362–370; 2 Hill, 606; *Giddings* v. *Giddings*, 51 Vt. 227–236; *Earl* v. *Peck*, 64 N. Y. 596–599; *Calkins* v. *Long*, 22 Barb. 101; Story on Prom. Notes, § 50; *Jerome* v. *Whitney*, 7 Johns. 321; *Jackson* v. *Alexander*, 3 id. 584–493; 45 Vt. 487; 44 id. 410; 39 id. 315.)　There was amply sufficient and valuable consideration for the giving the note. (*Sykes* v. *Halsted*, 1 Sandf. 483; 2 Bishop on Marriage and Divorce [5th ed.], § 401, notes 1, 2; id., §§ 568–571, and notes; 5 B. & C. 375; *Collins* v. *Collins*, 80 N. Y. 1–12; *Kendall* v. *Kendall*, 1 Barb. Ch. 610; *Burr* v. *Burr*, 7 Hill, 207–212; 80 N. Y. 11, 12; *Blake* v. *Bryant*, 55 id. 649; 12 Wend. 381; 3 Hill, 504; 59 N. Y. 390–395; 72 id. 169; 28 id. 389–394; *Wilson* v. *Wilson*, 1 H. of L. 538; *S. C.*, 5 id. 40; *Hobbs* v. *Halt*, 1 Cox's Ch. Cases, 445; *Phillips* v. *Myers*, 82 Ill. 67; 25 Am. Rep. 295.)

RAPALLO, J.　On the trial the defendant waived all the defenses set up in his answer, except that of want of consideration for the note in suit, and that the contract of which it was a part was against public policy, and void. Consequently no other points are before us on this appeal.

We think the consideration for the note was ample. The plaintiff had instituted an action against the defendant for divorce *a vinculo*, on the ground of adultery, and had examined one witness conditionally, who had testified to the

acts charged. She was in a condition to apply to the court for alimony and counsel fees, and had she prosecuted her action to its termination, might have compelled the payment of permanent alimony, and the costs and expenses of the action. In consideration of the giving of this note, she discontinued this action, and furnished to the defendant a stipulation, signed by herself and her attorneys, by which they stipulated that it be discontinued, without costs. She also condoned the adultery charged, and returned to live with the defendant. By this arrangement the defendant not only got rid of the pending action, and the payment of costs and counsel fees therein, and of temporary alimony, but by the condonation the plaintiff precluded herself from bringing a new action, founded upon the adultery of which she had given proof. These were substantial benefits to the defendant, abundantly sufficient to support the note which he gave to her father, for her use.

We are unable to perceive on what ground the arrangement can be regarded as against public policy. It tended to restore peace and harmony between husband and wife, and renew their conjugal relations. Agreements to separate have been regarded as against public policy, but it would be strangely inconsistent if the same policy should condemn agreements to restore marital relations, after a temporary separation had taken place. While the law favors the settlement of controversies between all other persons, it would be a curious policy which should forbid husband and wife to compromise their differences, or preclude either from forgiving a wrong committed by the other.

It is objected by the appellant that the settlement was not a good consideration, because it was not final, and the case of *Kirby* v. *Kirby* (1 Paige, 565) is referred to, in which it was held that a settlement of a divorce suit might be made between husband and wife, but that such a settlement was subject to the supervision of the court. It is enough to say that the settlement between the present parties has stood, and the defendant has received the benefit of it. No application appears ever to have been made to set it aside, nor is any

thing unfair or fraudulent alleged, which should call for the interposition of the court to disturb it.

The order of the General Term should be affirmed, and judgment absolute rendered against the appellant on his stipulation.

All concur.

Order affirmed and judgment accordingly.