"That it was immaterial as to when the correction was made in that contract; it having been made by the consent and with the knowledge of Stanley Jordan."

The court replied:

"It is immaterial, unless the jury find that the addition in the contract was induced by some fraudulent representation or fraud.

"Counsel for Plaintiffs: I except to your honor's refusal to charge as requested. I ask your honor to charge that there is no evidence of fraud or deceit on the plaintiffs' part.

"The Court: That I leave entirely to the jury.

"Counsel for Plaintiffs: I except."

The contract as amended expressed the transaction as it occurred, and that amendment was inserted with the knowledge and upon the consent of the defendant. We are unable to perceive how any fraud could be spelled out of this transaction. The sample was taken by the defendant from the goods, given to the broker for the express purpose of being submitted to the plaintiffs, was submitted to the plaintiffs, and upon that submission the contract was entered into. The question of fact in the case was: What was sold, and did the goods conform to the sample submitted? There was no possible or suggested fraud on the plaintiffs' part in obtaining the sample, and, having been submitted to them, they were entitled to act upon the faith of the representation that it was a sample of the goods which they were buying. If it represented better goods than the defendant could deliver, that was defendant's fault, not the plaintiffs'. We are unable to perceive from this record any justification for the injection into the case of the element of fraud which was submitted to the jury.

The judgment must therefore be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.

---

NEW YORK CENT. & H. R. R. CO. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

RAILROADS (§ 79*)—REMOVAL OF TRACKS—INJUNCTION—PLEADING.

    In an action by a railroad to restrain defendant city from enforcing a resolution directing the removal of plaintiff's tracks, etc., from the city streets, where plaintiff relied on certain ordinances as authority to maintain the tracks, it was error to strike from the complaint allegations relating to the location of the business in the city, the inducements offered plaintiff to construct its road, as to passenger stations in the city, and as to freight houses and their capacity, the car capacity of the yard tracks and other tracks and structures, their valuation, and also allegations of the passage of different ordinances under which plaintiff claimed authority to construct and maintain the tracks.

    [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 79.*]

    Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by the New York Central & Hudson River Railroad Company against the City of New York and others. From an order strik-

ing out portions of the complaint as irrelevant, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Alexander S. Lyman, for appellant.

Terence Farley, for respondents.

INGRAHAM, J. This action was brought to restrain the defendant the city of New York from carrying into effect a resolution adopted by the board of estimate and apportionment on the 28th day of May, 1909, which directed the president of the borough of Manhattan to serve notice on the plaintiff to remove, within 30 days from the service of the said notice, all the tracks, turnouts, and connecting tracks along the line of the Hudson river from Spuyten Duyvil creek to near Sixty-Eighth street, in the city of New York, and requiring the borough president, on a failure of the plaintiff to remove said tracks, to remove the same from the streets, and to declare such resolution null and void. The plaintiff is a railroad company running from Buffalo to the city of New York, and claims the right to use these tracks under certain acts of the Legislature and ordinances of the board of aldermen and the consent of the municipal authorities of the city of New York. The complaint is long, and sets forth in full the various statutes and ordinances of the city of New York. The defendant moved to strike out many of the allegations of the complaint upon the ground that they were irrelevant.

This complaint contained certain allegations in relation to the location of the business in the city of New York at the time and the inducements offered to the plaintiff to construct its road, which the city of New York now seeks to remove. While it is doubtful whether the condition then existing could affect the right that the plaintiff acquired and the power of the municipal authorities to order the removal of these tracks from the public streets, I do not think these allegations should be stricken out, but that the plaintiff should be allowed to prove the facts, so as to be able to make such a claim upon the trial as it is advised. To entitle the plaintiff to prove these facts, they must be alleged in the complaint, and it is only by alleging them, and offering evidence to support them upon the trial, that the plaintiff can claim that the facts pleaded should be considered in construing the ordinances giving to it the right to use these tracks in the streets. I hardly think we are authorized, on a motion of this kind, to pass upon the sufficiency of a claim of the plaintiff as to the construction to be given to these ordinances, and as to what, if any, effect should be given to these facts in the construction of the permission granted to the plaintiff by the municipal authorities.

The court below also struck out certain allegations in relation to the passenger stations in the city of New York, and the allegation as to the freight houses and their capacity in the city, the car capacity of the yard tracks and other tracks and structures maintained by the plaintiff in the performance of its business, and the valuation at which these various properties are assessed for taxation, with a statement of the amount of traffic and freight moved by the road to these various

stations and freight yards, and I think for the same reason it would be improper to strike these allegations out. While it may be doubtful whether these allegations are at all material and can aid the plaintiff, I think they should be left in the complaint, so as to enable the plaintiff to raise the question as to their effect upon the trial, rather than to decide them now upon motion.

The court also struck out the allegation of the passage of several ordinances of the common council, under which the plaintiff claims that it was authorized to construct and maintain these tracks and structures. I do not think the court was justified in striking out these allegations. Whether or not any of these ordinances can benefit the plaintiff is a question which we do not decide, and that question can be settled by the court upon the trial; but the plaintiff is at least entitled to plead these ordinances, and claim upon the trial that in connection with other ordinances which are pleaded and which are retained in the complaint the municipal authorities have given unlimited and unrestricted permission to retain these tracks. To have the benefit of these ordinances at the trial, it is necessary that the plaintiff should allege and prove them, and I can see no harm in allowing them to remain in the complaint, so that the court on the trial can determine what, if any, effect should be given them.

I think that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN, CLARKE, and HOUGHTON, JJ., concur.

SCOTT, J. (dissenting). In my opinion the matter stricken out had no proper place in the complaint. It is true that much more latitude is allowed to a pleader in an equity suit, than in an action at law. But even in equity there are certain rules to be observed, and clearly irrelevant matter has no place. The sole question in the case is whether or not the city's consent to the occupation of its streets by the Hudson River Railroad Company is still operative and available to the present plaintiff. The matter stricken out by the order appealed from is clearly irrelevant to any issue tendered by the complaint. Some of the allegations might be relevant upon an application for an injunction pendente lite, to preserve the status quo until the determination of the action, but can have no bearing upon the right of the plaintiff to a final judgment.

The order should be affirmed.