HELEN M. RODGERS, Appellant, v. MARTHA M. RODGERS et al., as Executors of JOHN C. RODGERS, Deceased, Respondents.

Husband and wife — agreement by father of husband to pay wife certain sum annually for life in consideration of discontinuing action for divorce and returning to husband — consideration — public policy — husband's father bound to discharge the obligation assumed even after death of his son — representatives of husband's estate not necessary parties to action.

Plaintiff discontinued an action for divorce against her husband and resumed her relations with him upon an agreement by the husband and his father, defendant's testator, to pay her a certain sum annually so long as she lived.   This action is brought to recover the sum remaining unpaid under this agreement, which plaintiff alleges she fully performed.   *Held*, that the complaint is sufficient in law on its face; that the agreement is not against public policy; that it rests on a valid consideration; that the allegation of non-payment is sufficient; that the defendant was bound to discharge the obligation which he assumed, which is not affected by his death, and that plaintiff was not bound to join the representatives of the husband's estate as defendants.

*Rodgers* v. *Rodgers*, 188 App. Div. 965, reversed.

(Argued June 2, 1920; decided June 11, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1919, unanimously affirming a judgment in favor of defendant entered upon an order of Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph F. Murray* and *Harry A. Redmond* for appellant. The agreement imposed a joint and several liability upon the defendants' testator, and the estate of the husband was not a necessary party defendant. (*Pearce* v. *Edmeades*, 3 Y. & C. Eq. 246; *Doe* v. *Royal*, L. R. 13

Q. B. 105; *Theberath* v. *C. Mfg. Co.*, 3 Fed. Rep. 143; *Morrison* v. *Am. Surety Co.*, 224 Penn. St. 41; *Besore* v. *Potter*, 12 S. & R. 154; *Geddis* v. *Hawk*, 10 S. & R. 33; *Hanley* v. *City of Medford*, 56 Ore. 171; *Jacobs* v. *Davis*, 34 Md. 204; *Consolidated Canal Co.* v. *Peters*, 5 Ariz. 80; *Commercial Nat. Bank* v. *Graham*, 11 R. I. 162; *Kortwellyeszsy* v. *Manhattan Cooperage*, 162 App. Div. 285.) Even though there was a joint liability only imposed by the contract, the estate of plaintiff's husband was not a necessary party defendant. (*Getty* v. *Binse*, 49 N. Y. 385; *Potts* v. *Dounce*, 173 N. Y. 335; *T. Nat. Bank* v. *Graham*, 174 App. Div. 503.) It was not necessary to allege non-payment by the plaintiff's husband during his lifetime and the insolvency of his estate. (*Lerche* v. *Brasher*, 104 N. Y. 157; *Matter of Rowell*, 45 App. Div. 323; *Hicks-Alixanian* v. *Walton*, 14 App. Div. 199; *Bramer* v. *Ring*, 146 App. Div. 724; *Matter of Niel*, 35 Misc. Rep. 254; *Nat. Surety Co.* v. *Seaich*, 171 App. Div. 414.) The agreement in suit is entirely valid, and in nowise contravenes or is opposed to public policy. (L. 1896, ch. 272, § 21; *Sommer* v. *Sommer*, 87 App. Div. 434; *Holmes* v. *Hubbard*, 60 N. Y. 183; *Bock* v. *Perkins*, 139 U. S. 639; *Dady* v. *O'Rourke*, 172 N. Y. 452; *Beardsley* v. *Hotchkiss*, 96 N. Y. 213; *Fullerton* v. *Chatham Nat. Bank*, 17 Misc. Rep. 532; *Timerson* v. *Timerson*, 2 How. [U. S.] 526; *Pitts* v. *Pitts*, 52 N. Y. 593; *Johnson* v. *Johnson*, 14 Wend. 637; *Burr* v. *Burr*, 10 Paige, 20; 7 Hill, 207; *Davies* v. *Davies*, 55 Barb. 130.) There is ample valid consideration shown in the agreement in suit to sustain this action against the defendant. (*Best* v. *Thiel*, 79 N. Y. 15; *Torry* v. *Black*, 58 N. Y. 185; *Home Ins. Co.* v. *Watson*, 59 N. Y. 390; *Dubois* v. *Heermance*, 56 N. Ÿ. 673; *Baird* v. *Baird*, 145 N. Y. 659; *Antisdel* v. *Williamson*, 37 App. Div. 167; *Quackenbush* v. *Mapes*, 123 App. Div. 242; *Todd* v. *Weber*, 95 N. Y. 181; *Hamer* v. *Sidway*, 124 N. Y. 538; *Marie* v. *Garrison*, 83 N. Y. 14.)

*Thomas F. Conway* and *Thomas E. O'Brien* for respondents. The failure of the plaintiff to allege in the complaint that her husband, prior to his death, on the 6th day of February, 1917, had omitted or failed to make the payments provided for in the contract and that his estate is insolvent is fatal to the cause of action attempted to be alleged. (*P. W. Coal Co.* v. *Kerr,* 220 N. Y. 137.) The agreement is void as being against public policy. (*Winter* v. *Winter,* 191 N. Y. 462; *Poillon* v. *Poillon,* 49 App. Div. 341; *Whitney* v. *Whitney,* 4 App. Div. 597; *Kesler's Estate,* 143 Penn. St. 386; *Copeland* v. *Boas,* 9 Baxt. 223; *Merrill* v. *Peaslee,* 146 Mass. 460; *Adams* v. *Adams,* 91 N. Y. 381; *Sommer* v. *Sommer,* 87 App. Div. 434; *Ridgely* v. *Keene,* 134 App. Div. 647; *Foley* v. *Speir,* 100 N. Y. 552.) The contract is also void for lack of consideration. (*Matter of Callister,* 153 N. Y. 294; *Blacchinska* v. *Howard Mission & Home,* 130 N. Y. 497; *Van Order* v. *Van Order,* 8 Hun, 315; *Kramer* v. *Kramer,* 181 N. Y. 477.) The estate of the husband, through its legally appointed representative, is a necessary party defendant. (*Knowles* v. *Cuddeback,* 19 Hun, 590; *Barry* v. *Ransom,* 12 N. Y. 462; *Hubbard* v. *Gurney,* 64 N. Y. 458; *Easterly* v. *Barber,* 66 N. Y. 433; *Wells* v. *Miller,* 66 N. Y. 255; *Barson* v. *Mulligan,* 191 N. Y. 306; *O'Conner* v. *Gifford,* 117 N. Y. 275; *Baskin* v. *Andrews,* 53 Hun, 95; *Richardson* v. *Draper,* 87 N. Y. 337; *Potts* v. *Dounce,* 173 N. Y. 335.)

POUND, J. This action was begun against John C. Rodgers who died after the decision of the Appellate Division was made and has been continued against the executors of his will.

The question is whether the complaint states facts sufficient to constitute a cause of action and whether there is a defect of parties defendant. The material allegations are that plaintiff was the wife of James M.

Rodgers; that she had brought an action against him in the state of New York for an absolute divorce which was pending on April 7, 1909; that she discontinued her action and resumed her relations with her husband in consideration of the agreement of her husband and John C. Rodgers, his father, entered into with her on that date, providing among other things, that " the party of the second part (plaintiff), so long as she shall live and shall either live with the party of the first part (her husband) or separate from him and irrespective of whether she shall bring an action against him for a separation or for an absolute divorce, shall be paid on the first of each and every month the sum of three hundred dollars, dating from April 1st, 1909; and it is understood and agreed that such payments shall not be affected by the death of either of the parties of the first part or third part (defendant), but shall continue so long as the party of the second part shall live."

She further alleges that she fully performed all the conditions of such agreement on her part and continued to live with her husband as his wife until his death on February 6, 1917; that defendant has failed to pay the moneys provided to be paid her by him since the 7th day of April, 1909, excepting $1,900 thereof, and that there is now due and owing from him the sum of $29,600, with interest, " no part of which has been paid."

We think that the complaint is sufficient. The agreement set forth therein is not on its face against public policy. It is for the resumption of marital relations between husband and wife separated for cause. In the absence of proof, it may not be presumed that the wife's grievance was unsubstantial. It rests on a valuable consideration. The wife condoned the alleged adultery of the husband. That was a detriment to her. She surrendered a right. The husband got rid both of the action and the cause of action for divorce. He might have been successful in his defense, but it was a substantial benefit to him to have the case ended and his wife again under his roof. The per-

formance of marital duty should not be made the subject of bargain and sale, but it does not appear that reconcilement was plaintiff's duty in this case. Rather it was her right to refuse to condone an offense against the marriage relation and to insist on a divorce with separate support and maintenance. The husband was not hiring a discontented wife, separated from him without good cause, to return to him. She was to be paid to give up her right to live apart from him. She did not return until she was assured of proper treatment as a wife and the court will not say to her that she sold her forgiveness and that " conjugal consortium is without the range of pecuniary consideration." To apply such a rule to cases like this would be to discourage the reunion which the law should favor of couples unhappily parted. We are dealing with the contract that was executed by plaintiff and not with unexecuted possibilities based on subsequent separation of husband and wife. (*Adams* v. *Adams*, 91 N. Y. 381.) The wife, when she returned to her husband, was entitled by law to her support. It cannot be presumed from the allegations of the complaint that such support was the equivalent of the allowance provided for her by the agreement of the parties.

It is urged that plaintiff's remedy is primarily against the husband, and that it would be inequitable to impose full liability on the father in the absence of allegations that the husband's estate is insolvent.

The agreement, upon its face, imposes at least a joint obligation upon the husband and the husband's father. Whatever the real purpose of the parties, their expressed intent does not remotely suggest that the father was a mere surety for his son. The court has no concern at this time in the adjustment of differences which may never arise between the representatives of the two estates, nor with the raw equities of the case, nor with the burdensomeness of the contract sued upon. The agreement by its terms is not affected by the death of either husband or

# 260    B., Q. Co. & S. R. R. Co. v. City of New York.

husband's father and binds the legal representatives of both. The defendant was bound to discharge the obligation which he assumed, and the plaintiff was not bound to join the representatives of the husband's estate as parties defendant. (*Potts* v. *Dounce*, 173 N. Y. 335.)

The complaint alleges that no part of the amount alleged to be due to the plaintiff has been paid, except the sum of $1,900. The allegation of non-payment is sufficient. Its fair purport is that nothing has been paid by either of the obligees either during the lifetime of the husband or thereafter.

The judgments appealed from should be reversed and the demurrer overruled, with costs in all courts, and defendants should have leave to answer within twenty days on payment of costs.

Hiscock, Ch. J., Chase, Collin, Cardozo, Crane and Andrews, JJ., concur.

Judgments reversed, etc.