HELEN M. RODGERS, Respondent, *v.* WILLIAM J. RODGERS and Another, as Executors of JOHN C. RODGERS, Deceased, Appellants.

First Department, December 22, 1922.

Contracts — action on joint contract — pleadings — defense contradicting plain terms of contract is demurrable — defense of waiver, abandonment or rescission insufficient in absence of allegation of consideration therefor.

A defense, in an action on a joint contract, which contradicts the plain terms thereof is demurrable.

In an action on contract a defense of waiver, abandonment or rescission is insufficient if it fails to allege a consideration therefor.

FINCH and SMITH, JJ., dissent, with opinion.

APPEAL by the defendants, William J. Rodgers and another, from so much of an order of the Supreme Court, made at the New

York Special Term and entered in the office of the clerk of the county of New York on the 13th day of October, 1921, as sustains the plaintiff's demurrer to the first, second and third defenses and the counterclaim contained in the answer.

*Thomas F. Conway* of counsel [*Joseph A. Kellogg* and *Thomas E. O'Brien* with him on the brief], for the appellants.

*Harry A. Redmond* [*Joseph F. Murray* of counsel], for the respondent.

GREENBAUM, J.:

The Court of Appeals has interpreted the agreement upon which this action is based as a joint one (*Rodgers* v. *Rodgers*, 229 N. Y. 255), and we can find no ambiguity in the agreement which would justify us in permitting the defendants by answer in their first and second separate defenses to attempt to contradict its plain terms. The third separate defense is insufficient in that it fails to allege any consideration for the waiving, abandonment or rescission of the contract.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., and MERRELL, J., concur; SMITH and FINCH, JJ., dissent.

FINCH, J. (dissenting):

Plaintiff sues to recover monthly payments on a tripartite agreement between the plaintiff, plaintiff's husband, and the father of the plaintiff's husband, which contract, in brief, provided that in consideration of certain conditions and promises on the plaintiff's part to be performed, plaintiff, so long as she lived, should be paid on the first of each month the sum of $300. The first defense alleged that the execution and delivery of the agreement in question was on the understanding and condition that the defendants' testator (the father of the plaintiff's husband) was only a surety and was not to be called upon to pay unless plaintiff's husband should be unable to do so. Respondent claims that this is an attempt to vary the terms of the written contract. It is to be noted that the contract does not specifically provide that the defendant shall pay the plaintiff, but provides that the plaintiff " shall be paid." Thus there would seem to be a latent ambiguity, susceptible of explanation. It is not necessary to rest the decision upon this ground, for it is always permissible to show that an agreement was delivered upon an express condition precedent, and that it is not binding except upon the happening of a certain event. (*Smith*

v. *Dotterweich,* 200 N. Y. 299; *Hubbard* v. *Gurney,* 64 id. 457.) The mere fact that both father and son signed the same instrument, or that the obligation may be considered as joint, would not affect the operation of this principle. (*Gahn* v. *Gahn,* 3 Paige, 614.) Under this defense, it would be perfectly possible to show, if such was the fact, that the liability of the father was only to attach in the event that the husband did not pay. There would not seem to be any distinction between the case at bar and a note signed by two persons, as in *Hubbard* v. *Gurney* (*supra*), where Chief Judge CHURCH said: " If the word ' surety ' had been added to the name of the defendant, it is conceded that the defence sought to be interposed would be available in any court; and yet that word, as we have seen, would not affect the contract. The fact proved by extrinsic evidence and that the creditor had knowledge of it, is as potent as if added to the name of the surety; and it is potent, not in varying the contract, but in imposing certain duties and obligations upon the creditor in his subsequent dealings with the principal debtor in respect to the contract. These views appear to me to be palpably correct upon general principles, and they are sustained by a decided weight of authority." And as was said by VANN, J., in *Dibble* v. *Richardson* (171 N. Y. 131): " Equity * * * ' regards not the form but the substance and intent of the transaction,' [and] the court, led by parol evidence, may look beneath the surface and learn all the facts. * * * When the facts show that two debtors as between themselves are principal and surety and this is known to the creditor, he is bound to respect the relation, even if by the terms of the security held by him, the real surety occupies the position of principal."

The Court of Appeals has passed upon this agreement, but only upon a state of facts arising from a demurrer to a complaint, where, in the absence of any defense, the agreement on its face purports to be a primary obligation on the part of both of the defendants. The Court of Appeals was careful to recognize this when it said: " The agreement, *upon its face,* imposes at least a joint obligation upon the husband and the husband's father." (*Rodgers* v. *Rodgers,* 229 N. Y. 255, 259; italics not in original.) In the present case the question arises, after a defense has been interposed, rebutting the *prima facie* inference.

The second defense alleges such facts as would release a surety from liability, and for the reasons heretofore stated constitutes a good defense (*Hubbard* v. *Gurney, supra; Grow* v. *Garlock,* 97 N. Y. 81, 86), subject only to the respondent's objection to the form of pleading, inasmuch as certain facts are pleaded disjunctively. Since a defendant may set up as many defenses as he has (Code

Civ. Proc. § 507),* and may plead inconsistent defenses, it is clear that the form of pleading complained of cannot be taken advantage of by demurrer, but the plaintiff's remedy would be by motion to compel such defenses to be separately stated and numbered. Moreover, it has been held that when all of said defenses constitute good defenses, as they do in the case at bar, an objection to them is not well taken. (*Rodgers* v. *McLoughlin,* 167 App. Div. 931.) As was said in *Hasberg* v. *Moses* (81 App. Div. 199, 205): "Because the pleading states facts for relief in an alternative form does not make it bad, if any one of such averments would be sufficient upon which to found the relief asked for in the complaint. * * * Averments in this form are not the subject of demurrer."

The third defense alleges *mutual agreements* by the parties to waive, abandon and rescind, followed by waiver, abandonment and rescission of the agreement in suit. Respondent alleges this defense is defective for failure to allege consideration, but he overlooks the fact that the promise of one to forego is consideration for the other to forego. (*Spier* v. *Hyde,* 78 App. Div. 151.) Furthermore, as said by Judge CRANE in *Schwartzreich* v. *Bauman-Basch, Inc.* (231 N. Y. 196, 205): "There is no reason that we can see why the parties to a contract may not come together and agree to cancel and rescind an existing contract * * *."

The counterclaim sets forth the facts alleged in the first defense to constitute an agreement of suretyship on the part of the defendants' testator, and alleges danger of the plaintiff's husband's estate being depreciated by the action by plaintiff as administrator thereof, and asks that the plaintiff be directed to make the payments to herself out of her husband's estate, as administratrix thereof, or that as such administratrix she reimburse the defendants for what they may have to pay her; that plaintiff as such administratrix be ordered to set aside a sum sufficient to meet payments due or to become due, and that as such administratrix plaintiff be enjoined from distributing the estate of her husband until after a determination of the respective rights of that estate and the estate of defendants' testator.

Since the estate in which infants and others are interested, and which estate is represented by the plaintiff as administratrix, is not a party to the action, the objection to the counterclaim should be sustained.

It follows that the order sustaining the demurrer to the defenses should be modified so as to overrule the demurrers to the first

* Now Civ. Prac. Act, § 262, in part.— [REP.

three defenses, and as so modified the order is affirmed, without costs.

SMITH, J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to defendants to amend said second defense or said third defense upon payment of said costs.

