MARTHA M. RODGERS, as Sole Surviving Executor of and Trustee under the Last Will and Testament of JOHN C. RODGERS, Deceased, Plaintiff, v. HELEN M. RODGERS, Individually and as Administratrix, etc., of JAMES M. RODGERS, Deceased, Defendant.

Supreme Court, New York County, July 22, 1925.

Judgments — res judicata — suit in equity by executrix of estate of defendant's father-in-law against defendant individually and as administratrix of estate of defendant's husband to determine rights of both estates as to payments under agreement effecting discontinuance of action for divorce — said suit not barred by judgment in prior action at law to recover ex contractu — defendant, entitled to share in husband's estate, proper party defendant — motion under Rules of Civil Practice, rule 107, to dismiss complaint denied — motion under rule 103 to strike out allegations of complaint denied.

A judgment in a prior action at law to recover a specific sum claimed to be due *ex contractu*, in which it was held that the defendant herein could recover against the estate of her father-in-law under an agreement by which she discontinued an action for divorce against her husband and resumed marital relations with him on condition that her husband and her father-in-law would pay her a certain sum annually for life, is not a bar to this suit in equity by the administratrix of the estate of said father-in-law against said defendant, individually and as administratrix of her husband's estate, to determine the rights of the two estates involved, since the questions sought to be adjudicated in this suit were not determined in the prior action at law.

Accordingly, said defendant, individually, is a proper party defendant in the suit herein, since she is entitled to share in her husband's estate against which claim is made by plaintiff; therefore, defendant's application under rule 107 of the Rules of Civil Practice to dismiss plaintiff's complaint against her individually should be denied as well as her motion under rule 103 of the Rules of Civil Practice to strike out the allegations of plaintiff's complaint.

ACTION in equity by executrix of estate of defendant's father-in-law against defendant individually and as administratrix of estate of defendant's husband to determine rights of both estates as to payments under agreement effecting discontinuance of action for divorce.

*Conway, Kellogg & O'Brien* [*Joseph A. Kellogg* of counsel], for the plaintiff.

*Jeffery & Redmond* [*Joseph F. Murray* of counsel], for the defendant.

LEVY, J. This is a motion to dismiss the complaint under rule 107 of the Rules of Civil Practice, and to strike out certain of its paragraphs under rule 103. In 1909 the defendant Helen M. Rodgers, her husband, James M. Rodgers, against whom she had brought an action for divorce then pending, and the latter's father, John C. Rodgers, entered into an agreement whereby this defendant withdrew her divorce action and agreed to resume marital relations with her husband, in consideration of which her husband and his father agreed, among other things, to pay her $300 per month " so long as she shall live," it being specifically there provided " that such payments shall not be affected by the death of either of the parties of the first part or third part," namely, the husband and father. Thereafter, and subsequent to the death of the husband, this defendant brought an action against her father-in-law, John C. Rodgers, to recover unpaid installments that had become due under the contract referred to. The defendant in that action dying after it was instituted, the same was continued against his executors, of whom the plaintiff in this present action is the sole survivor. In the action thus brought it was urged by the defendants there that a defect of parties occurred in that the wife had not joined the estate of her husband which, it was argued, was primarily liable for the contract debt. This question was raised by demurrer and was decided in favor of the plaintiff wife therein, the defendant here (229 N. Y. 255). The Court of Appeals there held that the agreement upon its face " imposes at least a joint obligation upon the husband and the husband's father," and that it did not appear that the father was *merely surety* for the son. It was further suggested that the court was not concerned with any adjustment of differences between the estates of the deceased husband and the deceased father, and stated: " The defendant was bound to discharge the obligation which he assumed, and the plaintiff was not bound to join the representatives of the husband's estate as parties defendant." The Court of Appeals thus clearly held that the wife could look to the father's estate in the first instance without exhausting her remedy against her husband's estate. The complaint being thus sustained, the defendants, executors of the father's estate, answered, setting up as a defense and also as a counterclaim that their testator became a party to the agreement only as surety and with the understanding that he was

to assume no liability thereunder, unless the plaintiff, the defendant here, was unable to collect the installments from her husband or his estate as they became due. Facts were also pleaded showing that the wife, as administratrix of the husband's estate, had in her hands moneys in excess of all debts of such estate sufficient to make payments to herself of all installments under the agreement then unpaid. The plaintiff there demurred to this defense, which demurrer was sustained (203 App. Div. 682; mod. otherwise and affd. in this respect, 235 N. Y. 408). The action then came on for trial and judgment was rendered in favor of the wife against the estate of the father-in-law in the sum of $31,947.05. A notice of appeal was filed by the defendants, but a stipulation was entered into by which such appeal was held in abeyance awaiting the outcome of this present suit. The executrix of the estate of the father-in-law brings this action against the wife *individually* and as administratrix of her husband's estate, to construe the very agreement and also to determine the rights of the plaintiff as such executrix as regards her claim against the estate of this defendant's husband for all payments made by the estate of which she is executrix to this defendant under that agreement; also to determine the contention of such executrix that the defendant, as administratrix, should pay to herself individually, out of her husband's estate, the sums due to her thus individually under the agreement, or that such sums be deemed to have been paid and satisfied out of any moneys received by her individually from her husband's estate; and also to compel the defendant as administratrix, regardless of any legal requirement, to pay all future installments to herself out of the funds in her hands as such administratrix, and to set aside sufficient funds therefrom to safeguard the estate of her father-in-law against any future liability under the agreement. The present motion is to dismiss the complaint as against the wife individually; hence we are not now concerned with the right of the estate of one joint debtor against another. The wife as an individual defendant contends that the former adjudication determined the identical cause of action now set forth on the merits in her favor. The prior litigation between the parties was an action at law to recover a specific sum claimed to be due *ex contractu*. The decision by the Court of Appeals went no farther than to hold that *in such an action* the plaintiff wife could recover against the estate of her father-in-law in the first instance, and the judgment entered after the trial upon the merits is no broader. This action is one in equity seeking to avoid multiplicity of suits by determining in the one action the rights of the two estates involved. The wife individually is a proper party because she is entitled to

share in her husband's estate. It is not necessary, for the purposes of this application, to decide the exact degree of relief to which this plaintiff is entitled, or whether she may recover from the defendant individually any moneys received by the latter from the estate of her father-in-law. Under the determination in the former case this defendant, individually, is entitled to recover from such estate the contract installments as they accrue. The Court of Appeals expressly refrained from passing upon the relative rights of the estates as against each other. If, after recovery by the defendant against the estate of her father-in-law, the latter may recover over against her husband's estate, in whole or in part, and such recovery over is permissible in case of joint liability, such as the Court of Appeals has stated to be here present (229 N. Y. 255), no reason suggests itself why in any single action there may not be presented and settled the rights of the respective estates; and, as I have already observed, the wife individually being a proper if not a necessary party, it being permissible to join the apparent ultimate recipient of a fund in an action brought affecting such fund even though she be represented therein by a trustee. (*Hewitt* v. *Farmers' Loan & Trust Co.*, 204 App. Div. 797; *Power* v. *Cassidy*, 79 N. Y. 602.) For these reasons it is perfectly clear that the questions here sought to be adjudicated have not been settled by any prior litigation. The counterclaim which the defendant asserts was held not to constitute a cause of action was apparently considered insufficient because, while interposed against her in a suit brought by her individually, it sought affirmative relief against an estate which she merely represented as administratrix, and in which others, not parties, were entitled to share. (203 App. Div. 682.)

I am of the opinion, therefore, that a good cause of action is set forth in the complaint here, to which the defendant individually is a proper party, and the motion to dismiss as against her individually must be denied. By reason of this conclusion, the motion to strike out the allegations of the complaint must also be denied, in order that the entire controversy between the estates may be fully and finally determined in this very action. The right of the executrix of the estate of the father-in-law to recover wholly or in part from the estate of the defendant's husband amounts paid under the agreement, is too positive to be disputed, as has already been pointed out. The objectionable allegations, so called, are intended to show the payment by such executrix and the ability of the husband's estate to pay, and its failure so to do, including the fact that such payment was sought in the Surrogate's Court but not decided there. It not being clear at this time, in advance

of the plaintiff's full proofs, just how much relief may be granted in this action, the relevancy of the allegations sought to be stricken out is not apparent, and in such event the application must be refused. (*N. Y. Central & H. R. R. R. Co.* v. *City of New York*, 135 App. Div. 331.) Furthermore, in equity considerable more latitude is permitted a pleader than in an action at law. Settle order.