D. S. DeVan, as Executor of the Last Will and Testament of R. Fred Vogel, Deceased, Petitioner, *v.* Commissioner of Internal Revenue.

Docket No. 56182. Promulgated May 19, 1936.

*Byron C. Hanna, Esq.*, for the petitioner.
*A. L. Murray, Esq.*, for the respondent.

582

OPINION.

ARNOLD: The year 1927 is controlled by the Revenue Act of 1926, and the years 1928 and 1929 by the Revenue Act of 1928. However, the provisions applicable are the same in both acts. Petitioner, in claiming the deductions, insists the amounts in question fall within section 214 (a) (2) of the Revenue Act of 1926, and section 23 (b) of the Revenue Act of 1928: "All interest paid or accrued within the taxable year on indebtedness."

Respondent, in denying the deductions, claims the payments in question fall within section 215 (a) (1) of the Revenue Act of 1926, and section 24 (a) (1) of the Revenue Act of 1928:

(a) *General rule.*—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses.

There was a rift in the marriage relations. Edna R. Vogel sued her husband for divorce on February 13, 1923. As an inducement to get his wife to dismiss her divorce proceeding and return to him and resume marital relations, he offered to convey to her certain real

estate and execute and deliver to her the note for $100,000 with interest at the rate of 6 percent per annum payable monthly. She accepted his offer. She dismissed her divorce action and returned to his home with her children and resumed marital relations with him on the assurance he would demean himself in a proper manner. He made the deed and delivered the note to her upon those conditions. There was no impediment in the law preventing them from contracting with each other the same as strangers. (Civil Code of California, sec. 158.) Agreements to renew conjugal relations and restore peace and harmony in family affairs are certainly not contrary to public policy.

The dismissal of her divorce action and resumption of marital relations with her husband was a valid consideration for the execution of the note; *Adams* v. *Adams*, 91 N. Y. 381; *Bowden* v. *Bowden*, 175 Cal. 711; 167 Pac. 154. See also cited cases in 11 A. L. R., p. 277.

The Civil Code of California, section 1605, defines "consideration" as:

Any benefit conferred, or agreed to be conferred, upon the promisor, by another person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

The execution of the note and the return and resumption of marital relations by the wife did not relieve the husband from his duty to maintain and support his wife. No conclusions can be reached nor any inference be drawn from the stipulated facts that at the time of the giving of the note by R. Fred Vogel to Edna R. Vogel it was in any way concerned with alimony or support and maintenance for Edna R. Vogel. On the same day the note was given, the maker, in the written instrument set forth in the stipulation of facts, declared and acknowledged that the consideration for the deed and note was the promise of his wife to cause her counsel to cooperate with his in procuring an early dismissal of the divorce proceeding and her promise to return with their children to his home and in good faith resume the marital relations with him and that she made no other promise or inducements for the giving of either the deed or the note.

Upon her return and the resumption of marital relations, R. Fred Vogel was as much under obligation to maintain and support his wife as if the note had never been given. This conclusion is likewise justified by the court proceedings in the separate maintenance action. There the wife, in her complaint, alleged her husband offered to make the deed and execute the note and cease the use of intoxicating liquors if she would dismiss her divorce action and resume marital relations with him, and, relying upon such promises, she dismissed

her suit for divorce and with her children returned to her husband's home and resumed marital relations with him.

Her husband, in answering the separate maintenance suit, denied his wife was entitled to any maintenance or support, relying on the execution and delivery of the deed and note to her as relieving him from that obligation. The court decreed the note was executed upon considerations and under conditions set forth in the complaint; that it was the sole and separate property of Edna R. Vogel and she was the unconditional owner of it; that it represented an unconditional and legal obligation of R. Fred Vogel; and that Edna R. Vogel was entitled to the payment of principal and interest as provided in the note. The decree then awarded specific sums for support and maintenance of the wife, "Without regard to plaintiff's property as aforesaid."

The provisions in the note that it should not be assigned or transferred and that it should not be enforceable by any transferee did not affect its validity or enforceability in the hands of the payee, Edna R. Vogel. It represented an indebtedness due from R. Fred Vogel to his wife and was based on a good and valuable consideration.

By the terms of the note, should default be made in the payment of the monthly installments of interest when due, payee could sue and recover, and, should default in payment of interest continue for one year, the whole sum of principal and interest, at the option of the payee, became immediately due and payable and suit could then be maintained to recover both principal and interest due.

Having determined that the note was a valid subsisting obligation of R. Fred Vogel and that it was enforceable in the hands of Edna R. Vogel, and it being admitted that the sums in question were paid by R. Fred Vogel to Edna R. Vogel "as interest" on the note within the taxable years, it follows under the applicable statute that such sums are properly deductible.

In the case of *John M. Longyear, Jr.*, 28 B. T. A. 1086, cited and relied upon by the respondent, later affirmed in 77 Fed. (2d) 116, what appears to be interest on a $150,000 note given in settlement of a claim for maintenance and support was held not deductible. However, in that case the note was part of an agreement which was founded on the legal duty of the husband to support his wife and children, and in which the interest was part of the sum to be paid for such maintenance and support. The note and agreement were construed together. The Board there held, in speaking of the deductibility of the amounts paid as interest, that the payments were intended by the parties to be in lieu of alimony, and that, as alimony is not founded in contract but grows out of an obligation imposed by law upon the husband, the interest payments were payable

as part of the agreement made in lieu of an alimony award and, therefore, were not deductible as interest on an indebtedness. Likewise, in affirming the Board, the Circuit Court of Appeals said: "The obligation did not lose the character of alimony when incorporated in the note."

We have an entirely different situation here. The note here represents a contractual obligation that does not grow out of any legal duty of the husband to support his wife. There, the note was given in a proceeding where the family relation was severed and in settlement and release of any and all claims and demands of the wife imposed by law against the husband for alimony, maintenance and support, temporary and permanent. Here, the note was given to restore the family relation and dismiss the divorce proceedings. Here, after giving the note, the obligations of the husband to maintain and support his wife continued unaffected. There, that obligation ceased.

We, therefore, hold that petitioner is entitled to deduct $6,000 from his gross income for each of the years 1927, 1928, and 1929 as interest paid on indebtedness.

*Decision will be entered under Rule 50.*