ISABEL M. McLAUGHLIN, Plaintiff, *v.* THOMAS J. McLAUGHLIN, Defendant.

Supreme Court, Special Term, Ulster County, April 29, 1955.

*Arthur B. Ewig* for defendant.

*Abraham Streifer* for plaintiff.

TAYLOR, J. In an action for divorce brought by the plaintiff wife, concededly the only issue which the trial will present is the amount of the permanent alimony to be awarded her. The defendant husband, pursuant to the provisions of section 288 of the Civil Practice Act, seeks her examination before trial as an adverse party concerning her financial resources of which he disclaims knowledge. He contends that her separate income and property are circumstances which may be considered in measuring the extent of the permanent alimony award. The plaintiff opposes the motion on the ground that the testimony sought is not material and necessary to the defense of the action since, in determining its amount, her independent financial situation may not be considered.

Neither counsel's nor the court's research has disclosed a reported case in which the practice problem which the motion poses has been judicially explored. However, the obligation of a husband to provide in accordance with his pecuniary means and their situation in life for a wife whose own misconduct has not forestalled his duty is well settled. (*Woronzoff-Daschkoff* v. *Woronzoff-Daschkoff*, 303 N. Y. 506; *Haas* v. *Haas*, 298 N. Y. 69; *Garlock* v. *Garlock*, 279 N. Y. 337; *Manufacturers Trust Co.* v. *Gray*, 278 N. Y. 380; *Public Nat. Bank of N. Y.* v. *National City*

*Bank of N. Y.,* 261 N. Y. 316; *Rodgers* v. *Rodgers,* 229 N. Y. 255; *De Brauwere* v. *De Brauwere,* 203 N. Y. 460; *Young* v. *Valentine,* 177 N. Y. 347; *Keller* v. *Phillips,* 39 N. Y. 351, 354.)

In *Garlock* v. *Garlock* (*supra,* p. 340) the Court of Appeals stated the rule in this language: "By reason of the marriage relation there is imposed on the husband the duty to support and maintain his wife in conformity with his condition and station in life. (*Keller* v. *Phillips,* 39 N. Y. 351, 354; *De Brauwere* v. *De Brauwere,* 203 N. Y. 460; *Rodgers* v. *Rodgers,* 229 N. Y. 255.)" In *Manufacturers Trust Co.* v. *Gray* (*supra,* p. 385) it said this: "In the absence of proof that his wife abandoned him, or, by other misconduct, relieved the defendant of his obligation to support her, that obligation still continues and may be enforced by appropriate application to the court. That obligation continues even though the wife has means sufficient to pay for her own support." Its commentary in *Haas* v. *Haas* (*supra,* p. 71) was: "The obligation of the husband to provide for his wife springs from the marital relationship itself, and, while perhaps not susceptible of exact definition or precise measurement, requires the husband to support her in conformity with his condition and situation in life. (See *Garlock* v. *Garlock,* 279 N. Y. 337, 340–341; *Rodgers* v. *Rodgers,* 229 N. Y. 255.) That duty, the Domestic Relations Law makes clear, may be neither avoided nor diminished. Section 51, insofar as pertinent, provides that ' a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife.' By such statutory prohibition, husband and wife are stripped of power to relieve the former of his obligation; both are rendered incapable of bargaining away the woman's right to the man's support." Recently in *Woronzoff-Daschkoff* v. *Woronzoff-Daschkoff* (*supra,* p. 512) it observed: "Of course, a husband is under a legal duty to support even a well-to-do wife ".

These authorities demonstrate that in an action such as this the plaintiff's separate property and resources are not material to the final determination of the nature and extent of her husband's obligation to support and maintain her. It follows that he may not examine her before trial concerning them. (*Rumsey* v. *Deere & Co.,* 275 App. Div. 894; *Newman* v. *Fischer,* 249 App. Div. 637; Civ. Prac. Act, § 288.) The motion is therefore denied.

Submit order.