Benjamin Brenner, J.
In this action the plaintiff wife seeks judgment declaring that a marriage presently exists between the parties and a decree of separation. The defendant husband asserts a Florida divorce as an affirmative defense.
The defendant moves for the issuance of a commission upon written interrogatories to examine a witness in Florida as to the defendant’s residence there in order to establish the validity of the divorce procured by him. The plaintiff’s objection to such a commission appears to be based solely on the delay that may ensue therefrom. The trial is presently temporarily stayed by an appeal from a previous order. Since the testimony of this witness is vital to the defense, any delay which may follow a possible termination of the stay seems warranted.
The plaintiff further contends that if this motion is granted it should be made conditional upon the defendant paying to the plaintiff the alimony set in a default separation decree of this court which had been entered in 1955. The said judgment was vacated by an order of this court on April 15, 1959. There is thus no basis for the conditional terms requested by plaintiff, who is free to seek an order for temporary alimony by appropriate motion.
The defendant also moves to examine his wife before trial. It is noted here that the husband has already been examined before trial. With regard to the first five items enumerated, these are denied because they are either peculiarly within the husband’s knowledge or cover the ultimate issues which must be decided upon trial. Items 6 and 7 relate to the standard of living of the parties during the marriage and the wife’s contributions thereto. The standard of living of the parties during the marriage is one of the major factors to be considered in determining alimony (Hearst v. Hearst, 3 A D 2d 706, affd. 3 N Y 2d 967; Borchard v. Borchard, 5 A D 2d 472). Since the wife’s contribution to that standard must also be considered (Phillips v. Phillips, 1 A D 2d 393, affd. 2 N Y 2d 742; Boston v. Boston, 205 Misc. 561; Judd v. Judd, 1 Misc 2d 965), I see no reason why she may not be examined before trial as to these matters (Phillips v. Phillips, supra).
Items 8, 9 and 11 concern the present property, assets, income and earning capacities of the parties. Insofar as these relate to the husband’s property, assets, income and earning capacity, they are denied because these are matters peculiarly within his knowledge. As to the wife’s property, assets, income and earning capacity, there does not seem to be any reported case in this department dealing with this precise question. It appears *975 to have been clearly presented to the courts of our State in only two reported decisions. In McLaughlin v. McLaughlin (207 Misc. 700) the court ruled that the husband was not entitled to examine the wife concerning her financial resources since any such resources would not be material to the final determination of the amount of alimony. In -Phillips (supra) the court ruled that the husband was entitled to examine the wife as to her property, income and assets and indicated the examination was allowed because the wife’s financial circumstances were relevant as one of the factors which a trial court should consider in determining alimony. The relevancy of such factor, upon the trial itself, is now clearly established (Sacknoff v. Sacknoff, 6 A D 2d 879; Borchard v. Borchard, supra; Phillips v. Phillips, 15 Misc 2d 884, 903).
The Phillips decision (1 A D 2d 393) seems to me to be based on sound reasoning and is consistent with recent cases in this department dealing with a wife’s right to examine the husband concerning his finances, indicative of a liberalized tendency to allow a greater area of discretion in the Special Term (Kirshner v. Kirshner, 7 A D 2d 202; Campbell v. Campbell, 7 A D 2d 1011). The independence and earning power of women today are far different from what they were when the rules concerning the factors which were to be considered in determining alimony were originally enunciated by our courts. In addition, section 1164 of the Civil Practice Act provides that in fixing alimony following a separation the court should act “ having regard to the circumstances of the respective parties ” (emphasis supplied). Finally, an examination as to these items will serve to narrow the relevant and material issues upon trial.
Item 10 concerns the physical condition of the parties. The wife may not be examined as to the husband’s condition since this, also, is a matter peculiarly within his knowledge. As to her own physical condition, this, too, is a factor to be considered in determining alimony (Phillips v. Phillips, 1 A D 2d 393, supra; Rosenzweig v. Rosenzweig, 145 N. Y. S. 2d 810, affd. 3 A D 2d 732) and the examination as to this item is allowed. Item 12 is a catchall and is denied.
The motion for an examination before trial of the plaintiff wife is granted as to items 6 through 11 to the extent indicated. The motion for the issuance of a commission upon written interrogatories to expeditiously examine the witness Florence Meisterman is also granted.
Settle order and proposed interrogatories on notice.