Dye, J. (concurring).
In concurring for affirmance, I would like to point out that nothing in the language of the contracts sought to be reformed purports “ to relieve the husband from his liability to support his wife ” (Domestic Relations Law, § 51); nor is there anything purporting to provide for future support of the wife in the event of and contingent upon a later separation of the parties or a dissolution of the marriage, either of which contingencies would be repugnant to settled public policy (Galusha v. Galusha, 116 N. Y. 635). These contracts, by their *272 express terms, make it clear that the parties were dealing with and intended to reconcile marital differences that threatened continuance of the marriage relation, a purpose which we have always approved and encouraged (Rodgers v. Rodgers, 229 N. Y. 255), the settlement of recognized separate interests in community property, and the husband’s responsibility to his wife as an individual, by all of which considerations the parties recognized and sought to implement the beneficient social concept underlying section 51.
To remove any doubt that these agreements meant anything other than what the parties said in the plainest of language and were in fact merely a subterfuge to avoid the husband’s support liabilities imposed by section 51, it was expressly provided that, if and when the wife instituted legal proceedings to alter or dissolve the marriage, the husband was to be relieved of further payments under the contracts and the wife was to have “ the right in any such legal proceeding to assert all of her marital rights against Harold [the husband] for support and maintenance as any court having jurisdiction over such proceeding may therein determine ”. Our holding in Garlock v. Garlock (279 N. Y. 337) should not now be enlarged as meaning more than it decided so as to render unenforcible a contract such as this made between a husband and wife while living together. In Garloch the contract deemed unenforcible provided in so many words that the payments by the husband “ shall be in lieu of and in release of any and all obligations which the party of the first part [the husband] otherwise has or shall have to support and maintain party of the second part ”, which provision was exactly contrary to the present situation. Nor is this case at all similar to Haas v. Haas (298 N. Y. 69), where the agreement also provided for the complete release of the husband’s support liabilities in the event his wife engaged in the retail linen business. In light of our former decisions it seems clear that these contracts are not at all repugnant to section 51. By their express terms the agreements do not purport and may not be read as relieving the husband of his support liabilities either presently or in the future. Furthermore, this being an action to reform, nothing turns on the circumstance that some of the items might otherwise come within the bar of the Statute of Frauds, since it is a well-established rule that neither the statute nor the parol *273 evidence rule forbids reformation of a written contract to include material orally agreed upon, but, because of mutual or unilateral mistake plus fraud, not inserted in the writing (Brandwein v. Provident Mut. Life Ins. Co., 3 N Y 2d 491).
The pleading on its face is sufficient. If the plaintiff proves that the alleged matters orally agreed upon were not included in the writings by reason of mutual or unilateral mistake plus fraud, then she is entitled to reformation.
The order appealed from should be affirmed, with costs, and the question certified should be answered in the negative.