Fuld, J. (concurring).
Entertaining the same view as does Judge Dye, I perceive no basis for invalidating any provision of the agreement before us.
In her complaint, the plaintiff alleges that there had been a long history of matrimonial discord which culminated in her institution of separation actions against the defendant based on his assertedly cruel and inhuman treatment; that she was induced to discontinue these actions upon the defendant’s promise and assurance that his conduct would change and that he would adequately provide for her support and maintenance and that of their two children; that they thereafter entered into an agreement providing both for a property settlement and the payment of a stated sum for her support while they were living together.[1]
Section 51 of the Domestic Relations Law, which provides that a husband and wife “ cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife ”, renders illegal an agreement under which a husband and wife agree to separate in the future or to relieve the husband of his support obligation. We have a completely different case, however, where the agreement is one of reconciliation entered *274 into after the wife has brought an action for separation predicated on sufficient grounds. Under such circumstances, I see nothing wrong or impermissible with a contract in which the wife agrees to drop the suit and resume marital relations with her husband if she has left him (or, if they have not separated, to continue living with him) and the husband agrees in consideration therefor to pay his wife a specified amount for her support.
The same public policy which condemns agreements to separate actually favors those designed to effect a reconciliation and a restoration of the marital relation. We have said precisely this in Rodgers v. Rodgers (229 N. Y. 255, 258-259) and Adams v. Adams (91 N. Y. 381, 384; see, also, Brooklyn Trust Co. v. Lester, 239 App. Div. 422, 428; Sommer v. Sommer, 87 App. Div. 434, 436; Restatement, Contracts, § 585). In the Rodgers case (229 N. Y. 255, supra), where the husband and wife entered into a reconciliation agreement following her commencement of a divorce action, the court upheld the wife’s right to enforce the provision that she be paid $300 a month in consideration of her discontinuance of the suit and her promise to resume the marital relation. In the course of his opinion for a unanimous court, Judge Pound wrote (pp. 258-259):
“We think that the complaint is sufficient. The agreement set forth therein is not on its face against public policy. It is for the resumption of marital relations between husband and wife separated for cause. In the absence of proof, it may not be presumed that the wife’s grievance was unsubstantial. * * * The husband was not hiring a discontented wife, separated from him without good cause, to return to him. She was to be paid to give up her right to live apart from him. She did not return until she was assured of proper treatment as a wife and the court will not say to her that she sold her forgiveness and that ‘ conjugal consortium is without the range of pecuniary consideration.’ To apply such a rule to case's like this would be to discourage the reunion which the law should favor of couples unhappily parted. * * * The wife, when she returned to her husband, was entitled by law to her support. It cannot be presumed from the allegations of the complaint that such support was the equivalent of the allowance provided for her by the agreement of the parties.”
*275 Thus, as the court observed, it may not be “ presumed ” that the support to which the wife is entitled is “ the equivalent ” of the allowance provided for her by the agreement. The stipulation as to amount may reflect nothing more than the husband’s assumption of an obligation “ supplementing ” the obligation of support “arising from the marital relation”. (Goldman v. Goldman, 282 N. Y. 296, 300.)
In short, the law does not and should not condemn agreements between husband and wife merely because it provides for specified payments to the latter while the parties are living together. If its purpose is to reunite the parties who have separated, or to keep them together if a separation appears imminent, the agreement should be upheld.
Garlock v. Garlock (279 N. Y. 337) requires no contrary conclusion. In the first place, since the agreement expressly recited that the sums paid by the husband under the agreement “ shall be in lieu of and in release of any and all obligations which the [husband] otherwise has or shall have to support and maintain [his wife] ” (p. 339), basis may exist for the claim that it violated the explicit prohibition of section 51 of the Domestic Relations Law. In the second place, as the court itself noted (p. 338), the parties entered into the contract “ Without any thought or idea of separation In no sense could such a contract be considered a reconciliation agreement or one looking toward a resumption of the marital relation.
I do not question the proposition that, if an agreement, or one of its provisions, induces a disruption of the marriage relationship, the agreement or offending provision should be stricken as illegal. Therefore, if the parties enter into an agreement with respect to the wife’s support in order to facilitate and bring about a separation in the future, the agreement obviously disrupts the marriage relation and should be held void. Similarly, if — as in the Garlock case (279 N. Y. 337, supra) — the agreement is made while the parties are living together without any thought of separating, basis likewise exists for invalidating it since it is impossible to ascertain whether or not the agreement has a tendency to disrupt the marriage. On the other hand, where, as here, the agreement is made when the parties are separated, or are on the verge of separating, and it actually provides for a resumption of the marital relation, it is perfectly *276 evident that its support provisions can have no tendency to disrupt the marriage. In such a case, public policy, instead of being advanced to condemn the agreement, should be invoked to uphold it as valid.
In sum, an agreement of reconciliation which brings or keeps husband and wife together promotes the same high public policy as underlies section 51 of the Domestic Relations Law. Consequently, I agree with Judge Dye that we should sustain the agreement before us in its entirety, uphold the complaint a,s valid and affirm the order of the unanimous Appellate Division.
Chief Judge Desmond and Judges Burke, Foster and Scileppi concur with Judge Van Voorhis; Judges Dye and Fuld concur in separate opinions in each of which the other concurs.
Order affirmed, etc.

. More specifically, the exhibits attached to the complaint establish that the parties agreed that “unless and until” the wife shall institute an action for separation or a divorce “ and so long as she shall own and maintain the residence at 34 Bast 69th Street, and the said residence is available to their children * ** * he will pay to her for her personal use and maintenance” the sum of $37,500 a year. The husband also agreed that he would pay real estate taxes assessed against the property and that, as long as they live together and maintain a common residence, he would pay an additional amount of $10,000 “as his share * * * of their joint living expenses in maintaining a common residence and as his contribution toward the expense for food and employment of domestic help and all other expenses incident to their joint residence ”.