### BUSHBY v. BERKELEY.

(Supreme Court, Appellate Division, First Department.    December 3, 1909.)

1. PARTNERSHIP (§ 330*)—ACCOUNTING—PROCEEDINGS—JUDGMENT—CONFORMITY TO ISSUES.

> Where, in an action for an accounting between law partners, plaintiff alleged the dissolution of the partnership by an agreement contained in certain letters, and defendant admitted the dissolution, but denied that the letters annexed correctly stated the dissolution agreement, the question for the court was the terms of that agreement and the obligations of the parties thereunder; and an interlocutory judgment upon findings of the formation of the partnership, and the collection of money by defendant on account of partnership business, which directed defendant to file an account of the partnership business, in which he had received money not accounted for, and referred the taking of the accounts to a referee, was improper.

> [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 330.*]

2. PARTNERSHIP (§ 331*)—ACCOUNTING—SCOPE—GENERAL ACCOUNTING.

> Where a partnership dissolution agreement made by law partners specified the actions and proceedings in which they were jointly interested, an accounting between them in an action therefor should be confined to those actions and proceedings in which defendant had collected money which was to be divided, and there could be no general accounting; a large part of the accounts and proceedings having been taken over by the parties under the dissolution agreement.

> [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 331.*]

Appeal from Special Term, New York County.

Action by James C. Bushby against Lancelot M. Berkeley.    From an interlocutory judgment for plaintiff, defendant appeals.    Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

L. H. Berkeley, for appellant.
Max D. Steuer, for respondent.

INGRAHAM, J.    This is a dispute between partners, who are attorneys at law, and the action is for an accounting as to copartnership transactions.    The complaint alleges that on the 1st day of May, 1907, the parties entered into a copartnership in pursuance of certain articles of partnership, a copy of which is annexed to the complaint; that by these articles certain actions in relation to Park avenue were excluded from the copartnership; that on the 30th day of September, 1897, the parties entered into supplementary articles of partnership, a copy of which is also annexed to the complaint, under which the defendant

---

was admitted to share in these Park avenue cases; that the parties continued to practice law under these agreements down to the 10th of December, 1906, when the copartnership was dissolved.   The terms of the dissolution are stated in several letters between the parties, copies of which were also annexed to the complaint, from which it appeared that the defendant undertook and agreed to continue the firm business at that time and to account to the plaintiff for the fees resulting therefrom; and it is alleged that under this dissolution agreement the plaintiff turned over to the defendant all of his office furniture and records specified in a letter annexed to the complaint, and vacated the office of the firm, and has since that time remained absent therefrom.   It is further alleged that the defendant has received and collected moneys on account of certain business belonging to the firm, and refused to make any accounting or settlement of the plaintiff's share in such business, but that the defendant has conspired with one Kiely and others to defraud the plaintiff of his just share of the assets of said firm to be divided, and that the defendant has prosecuted and is prosecuting in his own name, for his sole benefit, business belonging to said firm, to the damage and injury of the plaintiff.   Certain specified actions are then set forth, in which the defendant received fees belonging to the plaintiff; and the complaint demands judgment that the defendant be compelled to account to the plaintiff in relation to the copartnership business.

The answer admits the original copartnership, and admits entering into supplementary articles of copartnership, but denies that a correct copy of such supplementary articles is attached to the complaint.   It alleges that the parties continued in the active practice of law under these articles and supplementary articles, and that the partnership was dissolved on or about December 11, 1906.   It admits that the parties entered into an agreement for the liquidation of the said partnership, which agreement was contained in correspondence commencing on or about February 20, 1907, but denies that correct copies of the letters forming such correspondence were attached to the complaint. It admits that the defendant has received and collected certain moneys on account of the business formerly belonging to the firm, but denies the other allegations of the complaint in relation thereto.   The defendant, further answering, alleges that all the partnership agreements set forth in the complaint were dissolved prior to February 26, 1907, and all the agreements theretofore subsisting between the plaintiff and the defendant were merged in the dissolution agreement entered into on said day; that the plaintiff has failed to perform the terms and conditions of such dissolution agreement, and has wrongfully collected and retained moneys in said cases without authority from the defendant, and has hampered and impeded the defendant in the effort to collect the debts due the dissolved firm; and the answer demands judgment that the complaint be dismissed, with costs.

When the case came on for trial, the defendant claimed that he had not admitted the dissolution of the agreement, as claimed by the complaint, and that the plaintiff had not performed his part of the dissolution agreement, and could not come into a court of law or equity, and ask any relief without showing performance; but the court di-

rected an interlocutory judgment for an accounting. It is quite true that the position taken by the plaintiff on the trial was much confused, and he seemed to insist upon what was clearly untenable. The defendant, however, was entitled to have the question as to the particular instruments upon which the parties were to account determined. The plaintiff had alleged that the partnership had been dissolved by an agreement contained in certain letters, copies of which were annexed to the complaint. The defendant in his answer admitted that there had been a dissolution, but denied that the letters annexed to the complaint were correct copies of the correspondence between the parties which constituted the dissolution agreement. The question that the court had to determine was the terms of the dissolution agreement and the obligation of the parties to each other thereunder, and should then have directed an accounting based upon what had been the actual agreement of dissolution. Instead of disposing of this question, the court filed a decision finding the formation of the partnership, the collection of money by the defendant on account of the business belonging to the partnership which had not been accounted for, and directed an interlocutory judgment requiring the defendant to file with the clerk of the court a true account of the partnership business, in which the defendant had received moneys and had not fully accounted to the plaintiff therefor, and referring it to a referee to take and state the accounts; and an interlocutory judgment was entered in accordance with this decision.

It seems to me that this judgment necessarily required the referee to determine the terms and conditions of the dissolution agreement, the question which the court was bound to determine upon the trial. If the correspondence annexed to the complaint correctly set forth the dissolution agreement, the parties seem to have specified the particular actions and proceedings in which they were interested, and an accounting should be confined to those actions and proceedings in which it appeared that the defendant had collected moneys that either belonged to the defendant or were to be divided by the partners. There could be no general accounting of the partnership business, because a large number of the accounts and proceedings had been taken over by the several parties under the dissolution agreement. What the court was to do was to determine as to which actions and proceedings the defendant was bound to account, and then order him to account for all moneys that he had received in such actions or proceedings, and not to order a general accounting, as though no dissolution agreement had been executed. It seems to me that a substantial right of the defendant was thus violated upon the trial, which was not waived by him, and that for that reason a new trial was necessary.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the party finally successful in the action. All concur.