STARR et al. v. SELLECK et al.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

REFERENCE (§ 17*)—TAKING ACCOUNT AFTER INTERLOCUTORY DECREE.

Where, in a suit by executors of a deceased testamentary trustee for an accounting, defendant answered, alleging that the trust was void, that an instrument executed by her, confirming the trust, was fraudulently obtained by the trustee, and that she was entitled to the property as the sole heir and next of kin of the donor, defendant was entitled to an interlocutory judgment determining such issues before the appointment of a referee to state the account.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 32; Dec. Dig. § 17.*]

Appeal from Special Term, New York County.

Action by Louis M. Starr and another, as executors of the estate of Theodore B. Starr, deceased, against Harriet E. Selleck, impleaded with others. A reference was ordered to hear and determine, and defendant Selleck appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Omar Powell, for appellant.
Eugene H. Hatch, for respondents.

McLAUGHLIN, J. This action is brought by the executors of a deceased testamentary trustee for an accounting and for direction to pay over the trust property to the Supreme Court, or to a trustee to be appointed by it, or for distribution among the persons entitled thereto. The answer of the appellant alleges, among other things, that the trust created by the third paragraph of the will appointing the testamentary trustee is void for want of a defined, determinable object or beneficiary, and that an instrument executed by her confirming the trust was fraudulently obtained from her by the trustee; that the alleged trust property belonged to one Theodore G. White, the creator of the trust; that she is his sole heir at law and next of kin, and by reason thereof entitled to the same. After issue had been joined, the plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff moved that a referee be appointed to hear and determine. The motion was granted, and the appeal is from the order.

The real and substantial controversy is over the validity of the third clause of the will, as well as the validity of the instrument executed by the appellant, confirming the trust. It is quite apparent that these issues must be determined, even if an accounting be had, before a distribution can be made. If, at the trial, it should be determined that the plaintiffs' contention is correct, then the court can, of its own motion, send the matter to a referee to take and state the account and direct how the same shall be distributed. Before a reference is ordered, an interlocutory judgment should be entered determining these issues. The general rule is that an accounting cannot be referred prior to the trial of the other issues, and the entry of an interlocutory judgment settling and determining the same. Bushby v. Berkeley, 135 App. Div. 443, 119 N. Y. Supp. 739; Goodman v. Roth, 135 App. Div. 515, 120 N. Y. Supp. 328; Post v. Van Siclen, 132 App. Div. 796, 117 N. Y. Supp. 554; London v. Meryash, 132 App. Div. 323, 117 N. Y. Supp. 1; Gibson v. Widman, 106 App. Div. 388, 94 N. Y. Supp. 593. I think the rule is applicable to the case before us.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.