ERSKINE HEWITT and Another, as Substituted Trustees of the Trust Created by the Will of PETER COOPER, Deceased, for the Life of PETER COOPER HEWITT, Deceased, Respondents, *v.* THE FARMERS' LOAN AND TRUST COMPANY, as Executor of the Will of PETER COOPER HEWITT, Deceased, and as Trustee of the Trusts Thereby Created, and Others, Appellants, Impleaded with JAMES O. GREEN and Others, as Executors of and Trustees under the Will of AMY H. GREEN, Deceased, and Others, Respondents.

First Department, March 23, 1923.

Wills — action by trustees for judicial settlement of accounts and for construction of several wills — said wills were not set out or annexed to complaint — answers raised issues as to who was entitled to principal of trust fund — said issues must be determined before accounting is directed — interlocutory judgment directing accounting and appointing referee should not have been granted on pleadings — accounting cannot be referred before trial of other issues — complaint should not have been dismissed as to one of defendants.

In an action by substituted trustees for a judicial settlement of their accounts and for a direction as to the disposition of the assets, the answers interposed raised issues among the defendants as to who was entitled to a certain part of the principal of the trust fund. The determination of that question depended upon the construction of the will of the testator, the will of the beneficiary and the will of a son of the beneficiary, which wills were not set out or annexed to the complaint, and whether or not the son of the beneficiary died without issue.

*Held,* that it was error to grant an interlocutory judgment on the pleadings directing that the plaintiffs render an account and to appoint a referee to take and state such account, since an accounting cannot be referred prior to the trial of the other issues and the entry of an interlocutory judgment settling and determining the same.

It was error to dismiss the complaint as to one of the defendants, for, though she was not a necessary party, she may have been a proper party, and since this

is an equity action she should have been retained as a party until it clearly appeared that she had no claim.

Furthermore, where a plaintiff desires to strike out a party as neither necessary nor proper, he should move to be allowed to discontinue the action, but he should not move to dismiss his own complaint.

APPEAL by the defendants, The Farmers' Loan and Trust Company and others, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 17th day of July, 1922, upon a motion for judgment upon the pleadings, as resettled by an order entered in said clerk's office on the 28th day of July, 1922, dismissing the complaint as to the defendant Maryon J. Hewitt, directing that the plaintiffs render an account and appointing a referee to take and state such account.

*Miller & Warner [John B. Warner* of counsel; *Harry C. Miller* with him on the brief], for the appellant The Farmers' Loan & Trust Company, as executor, etc.

*Frederick Geller* of counsel, as guardian *ad litem* for Ann Cooper Hewitt, an infant, appellant.

*Montgomery Hare* of counsel [*Clarence J. Shearn* with him on the brief], for the appellant Maryon J. Hewitt.

*Albert S. Wright [Henry B. Closson* of counsel], for the respondents.

PAGE, J.:

The action is by substituted trustees of the trusts created by the will of Peter Cooper, deceased, for the benefit of Peter Cooper Hewitt, now deceased, for a judicial settlement of their accounts, and that the disposition to be made by the plaintiffs of the assets with which they may be chargeable be determined and decreed by the court.

The facts, as disclosed by the pleadings, are as follows:

Peter Cooper, a resident of the city, county and State of New York, died on or about the 4th day of April, 1883, leaving a will, by which, among other things, he created a trust for the benefit of his daughter, Sarah A. Hewitt, in one-half of all his real property, except No. 9 Lexington avenue in the city of New York, and the proceeds thereof. His will provided that upon the death of his daughter he gave and devised the principal of the trust fund as she should appoint and dispose of the same by her last will and testament; or, if she should fail to make such appointment and disposal, to and among her issue in the shares in which they would inherit the same from her under the laws of the State of New

York, except that the share of each of such issue who should be living at the time of his death, he gave and devised upon the death of his daughter to his executors in trust, to hold the same during the life of such descendant; and, upon the death of such descendant, he gave and devised the same as such descendant might appoint and dispose of the same by his last will and testament; and in default of such appointment, to and among the issue of such descendant in the shares in which they would inherit the same from such descendant under the laws of the State of New York.

Two of the three trustees named in the will of Peter Cooper died. Mrs. Hewitt, the remaining trustee, resigned the trust, and the plaintiffs were appointed on January 7, 1908, by the Supreme Court of New York, substituted trustees of the said trust.

Sarah A. Hewitt, testator's daughter, died August 14, 1912, leaving her surviving her sons, Peter Cooper Hewitt, Edward R, Hewitt and Erskine Hewitt, and her daughters, Amy H. Green, Sarah C. Hewitt and Eleanor G. Hewitt, and no other children, and no issue of any deceased child. All of her six surviving children were alive at the time of the death of said Peter Cooper.

Mrs. Hewitt left a will. In this will she appointed the share in the estate of Peter Cooper of any child of hers who might die without issue and without having by his or her will appointed and disposed of such share, upon the death of such child, equally to and among the surviving brothers and sisters of such child and the then surviving issue of any such brothers and sisters who might have died leaving issue them surviving; but she declared her intention not to exercise the power of appointment conferred upon her by the will of said Peter Cooper, deceased, except in the case of each such child of hers who might die without issue and without having appointed and disposed of by his or her will his or her share of the trust estate.

Upon the death of Mrs. Hewitt the trust so created by the will of Peter Cooper of a one-sixth share of the said half of his real estate and its proceeds for the life of the said Peter Cooper Hewitt became effective.

Peter Cooper Hewitt died on the 26th day of August, 1921, and left a will which has been admitted to probate by the surrogate of Passaic county in the State of New Jersey. It is alleged in the complaint that unless the residuary clause of the will of Peter Cooper Hewitt shall be held to be a valid exercise by him of the power of appointment conferred upon him by Peter Cooper, Peter Cooper Hewitt did not exercise the power of appointment or dispose of the said share in the estate of the said Peter Cooper.

The complaint, without setting up the grounds of any contention among the defendants, alleges that each of the defendants claims, or may be entitled to claim, an interest in the principal or undistributed income of this one-sixth share held in trust for Peter Cooper Hewitt, and that the said defendants are the only persons entitled to claim in any event any such interest.

The defendants Amy H. Green, Sarah Cooper Hewitt, Eleanor G. Hewitt, Erskine Hewitt and Edward R. Hewitt interposed separate answers. These five answers are in identical language. They allege that Peter Cooper Hewitt died without issue and without having exercised his power of appointment to dispose of the remainder interest in the trust estate under the will of Peter Cooper; that the residuary clause of the will of Peter Cooper Hewitt did not constitute a valid exercise by him of his power of appointment; and that, therefore, the defendants Erskine Hewitt, Eleanor G. Hewitt, Sarah Cooper Hewitt, Amy H. Green and Edward R. Hewitt, the only surviving brothers and sisters of Peter Cooper Hewitt, are entitled to such remainder interest; and they pray that the court may determine accordingly.

Amy H. Green, one of the defendants, died after the motion for the interlocutory judgment was made, and before the entry of that judgment her executors and trustees, James O. Green, Norvin Hewitt Green and Eleanor Margaret Green, were substituted as defendants in place of the said Amy H. Green. Said substituted defendants appeared by the same attorney as had represented Mrs. Green during her life, and adopted the answer interposed in behalf of Mrs. Green as their answer.

The defendant Ann Cooper Hewitt, one of the appellants herein, appeared by her guardian *ad litem,* and by answer alleged that Peter Cooper Hewitt left him surviving his daughter, the defendant Ann Cooper Hewitt, and left him surviving no other issue; and she claimed such interest in the estate as she is entitled to, and submitted her rights and interests in the matter to the protection of the court.

The complaint in the action was not merely for an accounting of the trustees, but also for a construction of the provisions contained in the wills of Peter Cooper, Sarah A. Hewitt and Peter Cooper Hewitt. Neither are copies of the wills annexed to the complaint, nor are the provisions thereof, which the court is asked to construe, set forth in the exact words of the wills. Instead their legal effect, as conceived by the plaintiffs, is alleged. Hence they could not be construed by the court upon the motion for judgment on the pleadings. They can be construed only upon a trial after they shall have been offered in evidence. Furthermore,

a serious issue of fact is raised by the answers of the five defendants who allege that Peter Cooper Hewitt died without issue, and the answer of the infant Ann Cooper Hewitt, by her guardian *ad litem*, alleging that she is the sole issue of Peter Cooper Hewitt. Until the wills are judicially construed and this issue of fact is settled, an interlocutory decree allowing the trustees to account should not be entered. The interlocutory judgment should determine the rights of the parties. (Civ. Prac. Act, § 472.) Until these are determined, it will not appear which of the parties are interested in the accounting and entitled to file objections to the account. If one construction is given to the wills, and the issue of fact is determined against the five adult defendants, the principal of the trust fund will be paid over either to the infant defendant or to the trustees under the will of Peter Cooper Hewitt, in which case the defendants who are the brothers and sisters of Peter Cooper Hewitt will have no interest in the accounting. If another construction is given and the issue of fact is determined against the infant defendant, then she will have no further interest in the accounting, and a reference may not be necessary, as the adult defendants could stipulate that the account of the trustees be settled according to their own ideas, or could file objections on the reference. The general rule is that an accounting cannot be referred prior to the trial of the other issues, and an interlocutory judgment entered settling and determining the same. (*Starr* v. *Selleck*, 138 App. Div. 277.) It is for the court to try and determine the issue and direct the disposition to be made of the trust fund, and for the referee to take the account within the lines laid down by the court. (*Fisher* v. *Tuttle*, 164 App. Div. 216.)

There is no reason to depart from the usual practice in this action. The wills will have to be construed and the issue of fact determined by the court, either before the interlocutory judgment or after the referee's report with his opinion and before final judgment. The plaintiffs will not be delayed in the final determination of the action by the trial of the issue raised between the defendants, for those issues must be determined in this action before a judgment directing the disposition of the trust fund can be made. If tried by the court, the issue will be determined by the trier of the facts, who had the witnesses before him, and the reference will merely deal with the accounting and final judgment promptly entered after the report of the referee is presented; while if the issue is referred, the testimony will be taken before one who can make no determination, and the issue will be determined by one who has not had the benefit of seeing the witnesses, and furthermore,

as the referee can make no determination, the proceedings will be complicated by having adverse interests represented when one or the other is not properly before the referee on the accounting.

The plaintiffs' motion should not have been granted, dismissing the complaint as to the defendant Maryon J. Hewitt. The plaintiffs made her a party defendant and alleged generally that each of the defendants claims, or may be entitled to claim, an interest in the trust estate.

Defendant Maryon J. Hewitt in her answer denies that she has any knowledge or information sufficient to form a belief that each of the defendants claims, or may be entitled to claim, an interest in one-sixth share of the estate held in trust by the plaintiffs for the life of Peter Cooper Hewitt of the trust estate created by the will of Peter Cooper, and concludes with a prayer for judgment that the complaint as against said defendant be dismissed and that said defendant may have such other and further relief as may be just. On the theory that the defendant had asked for a dismissal of the complaint as to her, the plaintiffs moved that the complaint be dismissed. It was not necessary nor proper for the defendant, as she did not deem herself entitled to an affirmative judgment by reason of a counterclaim interposed by her, to demand judgment in the answer. (Civ. Prac. Act, §§ 261, 270.) The demand for judgment in this answer should, therefore, have been disregarded. Where the plaintiff desires to strike out a party as neither necessary nor proper, he should move to be allowed to discontinue the action, but he should not move to dismiss his own complaint. While it is true that Maryon J. Hewitt was not a necessary party, the estate of Peter Cooper Hewitt being represented by the executors and trustees, she being the beneficiary of the trust and, therefore, represented in that capacity by the trustees, nevertheless we cannot say, without having the will of Peter Cooper Hewitt before us, that she was not a proper party. The complaint alleged that she was, and the trustees and executors of the estate of Peter Cooper Hewitt object to the complaint being dismissed as to her. As this is an equity action, she should have been retained as a party until it clearly appeared that under no possible circumstances would she have a claim upon any portion of the trust fund involved in this proceeding.

The interlocutory judgment should be reversed and the motion for judgment upon the pleadings and to dismiss the complaint as against the defendant Maryon J. Hewitt should be denied, with costs of the appeal and motion to the appellants, payable out of the estate.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Judgment reversed and motion for judgment dismissing complaint as against defendant Maryon J. Hewitt denied, with costs of this appeal and ten dollars costs of motion to appellants appearing separately, payable out of the estate.